NOT DESIGNATED FOR PUBLICATION

No. 113,688

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNNY MONTES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed May 20, 2016. Sentence vacated and case remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam:* Johnny Montes appeals the district court's denial of his motion to correct an illegal sentence. Specifically, he argues that the district court imposed an illegal sentence when it classified a 1989 pre-Kansas Sentencing Guidelines Act (KSGA) juvenile adjudication for burglary as a person felony for criminal history purposes. Montes claims he is entitled to relief under our Kansas Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). We agree.

1

*We begin with Montes' conviction.*

Montes was convicted of rape, two counts of aggravated criminal sodomy, and aggravated kidnapping. A presentence investigation report indicated that Montes was in criminal history category C based in part on a 1989 Kansas juvenile adjudication for "Burglary of Dwelling," which was scored as a person felony. Montes did not object to his criminal history score at the sentencing hearing. The district court imposed a controlling sentence of 340 months' imprisonment with 36 months' postrelease supervision. A panel of this court affirmed Montes' convictions on direct appeal, and the Kansas Supreme Court denied review on June 12, 2001. See *State v. Montes*, 28 Kan. App. 2d 768, 769, 21 P.3d 592, *rev. denied* 271 Kan. 1040 (2001).

In 2014, Montes moved to correct an illegal sentence. In his motion, Montes argued that based on the Kansas Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), his 1989 Kansas juvenile adjudication for burglary should have been classified as a nonperson felony. Therefore, Montes argued his criminal history score should have been G instead of C and he should be resentenced with the correct criminal history score.

Later, in October 2014, Montes filed a second motion to correct his illegal sentence. In this motion, Montes argued that based on this court's decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), his 1989 Kansas juvenile adjudication for burglary should have been classified as a nonperson felony. Montes again alleged that this would have resulted in his criminal history score being G instead of C, thus making the sentence illegal. The State responded to both motions, arguing in part that Montes' stipulation to his criminal history score at sentencing and failure to challenge his sentence on direct appeal barred any subsequent

2

challenge to his sentence, the holding in *Dickey* should not be retroactively applied to Montes' case, and *Dickey* was not controlling as the petition for review was pending.

The district court summarily denied both motions. The district court ruled that Montes was procedurally barred from collaterally attacking his sentence, *Murdock* only applied to pre-1993 out-of-state convictions, *Dickey* did not apply because it conflicted with other decisions of this court and was not a final decision, and both *Murdock* and *Dickey* did not apply retroactively. Montes appealed the summary denial of both motions.

*The district court erred in calculating Montes' criminal history score.*

In this appeal, Montes only seeks relief under his motion to correct an illegal sentence based on our Supreme Court's holding in *Dickey*. He has abandoned his motion to correct an illegal sentence based on *Murdock*.

K.S.A. 22-3504(1) provides that the court may correct an illegal sentence at any time. This court applies a de novo standard of review when a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504 because we have the same access to the motion, records, and files as the district court. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). An illegal sentence under K.S.A. 22-3504 is:

> "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *Taylor*, 299 Kan. at 8.

Montes argues that *Dickey* is dispositive with regard to his 1989 Kansas juvenile adjudication for burglary. We agree.

In *Dickey*, the defendant argued that the district court's classification of his 1992 pre-KSGA burglary adjudication as a person felony violated his constitutional rights as described in *Descamps v. United States*, 570 U.S.___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Applying *Descamps* and *Apprendi*, the Kansas Supreme Court determined that the burglary statute in effect when the defendant committed his prior burglary did not include any elements that referenced a dwelling. 301 Kan. at 1039. Our Supreme Court explained that because the burglary statute did not include a dwelling element, any determination by the district court whether the defendant's burglary involved a dwelling "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. The court concluded that the district court's classification of that prior burglary as a person felony violated the defendant's constitutional rights under *Descamps* and *Apprendi,* and the district court should have classified the defendant's 1992 burglary conviction as a nonperson felony for purposes of calculating his criminal history score. *Dickey*, 301 Kan. at 1021, 1039-40.

Similar to *Dickey*, because the pre-KSGA statute under which Montes was adjudicated for burglary in 1989—K.S.A. 1989 Supp. 21-3715—did not include a dwelling element, the district court's person classification necessarily required judicial factfinding. Accordingly, the classification of Montes' 1989 burglary adjudication as a person felony violates his constitutional rights as described in *Apprendi* and *Descamps* and as applied by the Kansas Supreme Court in *Dickey*. Montes' 1989 burglary adjudication should have been classified as a nonperson felony. See *Dickey*, 301 Kan. at 1039-40; see also *State v. Martin*, No. 113,189, 2016 WL 852130, at *8 (Kan. App.

2016) (finding that defendant's two 1990 Kansas juvenile adjudications for burglary would be scored as nonperson offenses under the holding in *Dickey*).

The State does not dispute the contention that if Montes was being sentenced today his 1989 Kansas juvenile adjudication for burglary would be scored as a nonperson offense under the holding in *Dickey*. Instead, the State argues this court should not reach the merits of Montes' claim for three reasons: the doctrine of res judicata bars Montes' challenge to his criminal history score, *Dickey* should not be retroactively applied to a case which was final before *Dickey* was decided, and Montes cannot file a motion to correct illegal sentence based on a constitutional challenge to his sentence. This court recently rejected these identical arguments in *Martin*, 2016 WL 852130.

*Martin* held that the doctrine of res judicata does not act as a waiver "to bar a claim when that claim, if true, would render a sentence illegal and the claim has not been previously addressed on its merits," and that barring challenges of an illegal sentence "merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time." 2016 WL 852130, Syl. ¶¶ 4-5. *Martin* also held that a claim under *Dickey* may be brought in a motion to correct an illegal sentence after the time for direct appeal has passed and the defendant's sentence is final because the general rule prohibiting retroactive application of an appellate court decision is superseded by the legislative directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time. 2016 WL 852130, at *6. Finally, *Martin* held that a motion to correct an illegal sentence under K.S.A. 22-3504 is the proper vehicle for raising a constitutional challenge to a sentence that results in the determination that the defendant's criminal history score is incorrect. 2016 WL 852130, at *7. In such instances, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence that this court has jurisdiction to correct at any time.

5

*Martin*, 2016 WL 852130, at \*7; see *State v. Kelly*, 298 Kan. 965, Syl. ¶ 5, 318 P.3d 987 (2014). We find the reasoning in *Martin* persuasive.

Because the sentencing court misclassified Montes' prior adjudication as a person offense for purposes of calculating his criminal history, Montes' claim here is identical to claims where Kansas courts have held that K.S.A. 22-3504 is the proper procedure to challenge an illegal sentence. See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015) (a claim challenging misclassification of prior convictions as person offenses "necessarily raise[s] a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized"); *Dickey*, 301 Kan. at 1034 (a legal challenge to the classification of a prior adjudication or conviction for purposes of lowering a defendant's criminal history score is a claim that can be raised for first time on appeal in a motion to correct illegal sentence under K.S.A. 22-3504); *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011) (challenge to criminal history score necessarily challenges the sentence that criminal history score helped produce; if criminal history score is wrong then resulting sentence cannot conform with statutory provision governing term of punishment authorized).

Thus, Montes' claim falls squarely within the scope of relief afforded by the legislature under K.S.A. 22-3504 and his motion to correct an illegal sentence is properly before the court as a challenge to a "sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment." See *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

Montes' 1989 Kansas juvenile adjudication for burglary was improperly classified as a person felony under *Dickey*. Accordingly, we vacate Montes' sentence and remand for resentencing with directions to classify Montes' 1989 adjudication for burglary as a nonperson offense for criminal history purposes.

Sentence vacated and case remanded with directions.