197 P.3d 467 (2007)
STATE of Kansas, Appellee,
v.
J.H., Jr., Appellant.
No. 96,770.
Court of Appeals of Kansas.
July 6, 2007.
*468 LeRoy C. Rose, of Garden City, for appellant.
Lara Blake Bors, assistant county attorney, John P. Wheeler, county attorney, and Paul Morrison, attorney general for appellee.
Before RULON, C.J, GREENE, J., and KNUDSON, S.J.
KNUDSON, S.J.
J.H. was convicted as an extended jurisdiction juvenile pursuant to K.S.A. 38-16,126. The State subsequently filed a motion to revoke probation alleging J.H. violated the provisions of the juvenile sentence and committed new offenses. After an evidentiary hearing, the trial court revoked J.H.'s probation, ordering that he serve the 48-month adult criminal sentence previously imposed pursuant to 38-16,126(a)(2). J.H. appeals, challenging the sufficiency of the evidence to establish probation violation and the trial court's refusal to consider sentencing alternatives before sending J.H. to prison.
We affirm.
The underlying facts are not in material dispute. J.H. was convicted of aggravated battery in violation of K.S.A. 21-3414(a)(1)(A), a severity level 4 person felony. Under K.S.A. 21-4704, J.H.'s sentence carries a presumptive disposition of imprisonment. At the evidentiary hearing to revoke probation, the State presented evidence that J.H. had violated the provisions of probation and committed new criminal offenses. J.H. did not present any evidence at the hearing. The trial court revoked probation and ordered J.H. to serve the alternative 48-month adult sentence that had been previously imposed.

Revocation of Probation
Our standard of review is to ascertain whether substantial competent evidence was presented at the revocation hearing to support revocation. K.S.A. 38-16,126(b). "Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. [Citation omitted.]" State v. Luna, 271 Kan. 573, 574-75, 24 P.3d 125 (2001).
On appeal, J.H. argues the police officer's testimony was not corroborated and the brass knuckles and other physical evidence were not introduced in evidence. All true, but corroboration and the admission of the instruments of the crime are not necessary to justify revocation of J.H.'s probation. The fact is that there was substantial competent evidence introduced through the testimony of witnesses to establish the violations of probation. Undoubtedly, the State's failure to present additional corroborative evidence *469 might influence the trier of fact but does not present a persuasive issue on appeal. An appellate court does not weigh evidence or normally look to what was not introduced in evidence when considering a sufficiency issue; our duty is to consider the adequacy of the evidence that was presented. Under our standard of review, the trial court's findings are sufficient to support a conclusion J.H. violated probation.

Imposition of Adult Sentence
J.H. contends under K.S.A. 38-16,126 the district court was required to consider alternatives other than commitment. The State argues under 38-16,126 the district court has no discretion other than to order commitment.
Interpretation of a statute is a question of law over which we exercise unlimited review. State v. Bryan, 281 Kan. 157, 130 P.3d 85 (2006).
K.S.A. 38-16,126(b) (now K.S.A.2006 Supp. 38-2364(b)) provides:
"When it appears that a person convicted as an extended jurisdiction juvenile has violated the conditions of the juvenile sentence or is alleged to have committed a new offense, the court, without notice, may revoke the stay and probation and direct that the juvenile offender be taken into immediate custody and deliver to the secretary of corrections pursuant to K.S.A. 21-4621, and amendments thereto. The court shall notify the juvenile offender and such juvenile offender's attorney of record, in writing by personal service, as provided in K.S.A. 60-303, and amendments thereto, or certified mail, return receipt requested, of the reasons alleged to exist for revocation of the stay of execution of the adult sentence. If the juvenile offender challenges the reasons, the court shall hold a hearing on the issue at which the juvenile offender is entitled to be heard and represented by counsel. After the hearing, if the court finds by substantial evidence that the juvenile has violated the conditions of the juvenile sentence, the court shall revoke the juvenile sentence and order the imposition of the adult sentence previously ordered pursuant to subsection (a)(2). Upon such finding, the juvenile's extended jurisdiction status is terminated, and juvenile court jurisdiction is terminated...."
In construing K.S.A. 38-16,126(b) we are constrained by rules of statutory construction.
"The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be. [Citation omitted.]" State v. Bryan, 281 Kan. at 159, 130 P.3d 85.
A plain reading of 38-16,126(b) leaves no doubt as to legislative intent. First, when it appears to the trial court that the offender has violated the terms of probation, the court may revoke probation without notice or hearing and direct that the offender be taken into immediate custody and delivered to the secretary of corrections. This explicit provision does not read of sentencing discretion given to the trial court. Secondly, if the court concludes a hearing should be held, or if the offender requests a hearing as to the reasons alleged to support revocation, then a stay on the order of incarceration shall be entered and an evidentiary hearing conducted. The sole purpose of the hearing is to determine whether there exists substantial competent evidence to support revocation. If the trial court after hearing revokes the juvenile sentence, the court is specifically directed to enforce imposition of the adult sentence previously ordered under 38-16,126(a)(2).
J.H. focuses on one isolated sentence from the statute to support his claim of error: "The ongoing jurisdiction for any adult sanction, other than the commitment to the department of corrections, is with the adult court." K.S.A. 38-16,126. Contrary to *470 J.H.'s argument, this provision does not eviscerate the explicit and unambiguous language of the statute we have discussed; instead, it makes clear prospective jurisdiction resides in the adult court, rather than the juvenile court.
We interpret K.S.A. 38-16,126(b) to compel incarceration; the district court did not have jurisdiction to consider sentencing alternatives.
Affirmed.