205 P.3d 787 (2009)
In The Matter of E.F.
No. 101,104.
Court of Appeals of Kansas.
April 24, 2009.
*788 Lara Blake Bors, assistant county attorney, John P. Wheeler, Jr., county attorney, and Stephen N. Six, attorney general, for appellant.
Douglas C. Spencer, of Spencer & Spencer, P.A., of Oakley, for appellee.
Before HILL, P.J., ELLIOTT and LEBEN, JJ.
LEBEN, J.
After E.F. failed to meet the terms of his juvenile sentence, the district court granted adult probation rather than imposing the adult prison sentence in E.F.'s extended-jurisdiction juvenile proceeding. Because the State lacks the right to appeal an order granting probation in juvenile and adult criminal cases, the State has appealed on a question reserved that we can only review if it is a recurring matter of statewide importance. As our ruling has no effect on E.F., we must first determine whether the district court's decision to consider alternative sentencing options rather than revoking E.F.'s juvenile sentence and imposing the adult prison sentence is an issue of statewide importance before we may then discuss and answer the State's question reserved.

The State's Question Reserved Is an Issue of Statewide Importance and Should Not Be Dismissed.
The State reserved its right to appeal the district court's authority to grant a nonprison sanction after finding that E.F. had violated his extended-jurisdiction juvenile sentence. Although the propriety of the district court's order is properly before us, our ruling doesn't affect E.F. because the State has no right to appeal an order granting probation in juvenile and criminal cases. See K.S.A.2008 Supp. 38-2381(a); K.S.A. 22-3602(b); State v. Ruff, 252 Kan. 625, Syl. ¶ 3, 847 P.2d 1258 (1993). We generally allow review on a question reserved to consider a matter of statewide importance that may recur so that the criminal law may be uniformly administered throughout the state, not merely to show that a specific decision by a district court was wrong. See State v. Hurla, 274 Kan. 725, 728, 56 P.3d 252 (2002). An appellate ruling on a question reserved has no effect on the juvenile offender or criminal defendant involved in the underlying case; the appellate court reviews the question only because an answer to it is needed to guide the handling of future cases. See Ruff, 252 Kan. at 630, 847 P.2d 1258.
The proper interpretation of K.S.A.2008 Supp. 38-2364 when the terms of a juvenile sentence have been violated is of statewide importance. The Kansas Supreme Court confirmed this when it granted a motion to publish our court's opinion that addressed this issue in State v. J.H., 40 Kan.App.2d 643, 646-47, 197 P.3d 467 (2007) (interpreting K.S.A. 38-16,126[b], since recodified at K.S.A.2008 Supp. 38-2364). Motions to publish unpublished opinions are granted only when the opinion is of some importance, such as when it involves a legal issue of continuing interest. See Supreme Court Rule 7.04(b) (2008 Kan. Ct. R. Annot. 53). But does this issue continue to be of statewide importance since our court has already addressed it in J.H.? If not, we should dismiss the appeal. See State v. Tremble, 279 Kan. 391, 394, 109 P.3d 1188 (2005).
Perhaps because our decision will have no effect on E.F., E.F.'s two-page appellate brief is more brief than helpful. Without any arguments or rationale, E.F. simply suggests that J.H. should be reconsidered in light of the Kansas Supreme Court's decision in In re L.M., 286 Kan. 460, 186 P.3d 164 (2008), the requirement that placement at Labette Correctional Conservation Camp be considered in adult cases under K.S.A. 21-4603d(g), and the constitutional right of equal protection *789 of the laws. The State did not respond to these rationales for reconsidering J.H.
We think it is a close call whether reconsideration of J.H. in light of these issues is a matter of statewide importance. Although the statutory interpretation found in J.H. and discussed later is straightforward and, in our view, not subject to serious debate, that statute has since been recodified as part of the overall revision of the juvenile-justice code. So there may be some value in a ruling that the analysis found in J.H. remains good law under the new code. In addition, In re L.M. was a significant case, and its impact on existing caselaw is a subject of some interest. We will therefore consider the State's appeal.

When a District Court Finds that a Juvenile Has Violated the Conditions of the Juvenile Sentence, the Court Must Impose the Adult Sentence.
Extended-jurisdiction juvenile proceedings have been used since 1997 so that some juveniles who might otherwise have been waived up to adult court may remain within the juvenile sentencing system. As former Chief Justice McFarland explained last year, the basic outline of the system calls for an adult sentence that is imposed only if the juvenile fails to satisfactorily complete an initial juvenile sentence:
"In an extended jurisdiction juvenile prosecution, the court imposes both a juvenile and an adult sentence. The adult sentence is stayed as long as the juvenile complies with and completes the conditions of the juvenile sentence. If, however, the juvenile violates the conditions of the juvenile sentence, the juvenile sentence is revoked, the adult sentence is imposed, and the juvenile court transfers jurisdiction of the case to the adult court." In re L.M., 286 Kan. at 485, 186 P.3d 164 (McFarland, C.J., dissenting).
Here, E.F. was prosecuted in an extended-jurisdiction juvenile proceeding, and he admitted to violating the conditions of his juvenile sentence. The district court also found that E.F. had violated it.
Proceedings under extended juvenile jurisdiction are all set out in K.S.A.2008 Supp. 38-2364. Subsection (a) provides that the sentence in an extended-jurisdiction juvenile prosecution shall include both a juvenile sentence and an adult sentence, but the adult sentence "shall be stayed on the condition that the juvenile offender not violate the provisions of the juvenile sentence and not commit a new offense." Subsection (b) provides that once the district court finds that conditions of the juvenile sentence have been violated, "the court shall revoke the juvenile sentence and order the imposition of the adult sentence," and the extended juvenile jurisdiction is then terminated.
So it would seem that the district court's obligation in E.F.'s case under K.S.A.2008 Supp. 38-2364(b) was to "revoke the juvenile sentence and order the imposition of the adult sentence." The State certainly argued to impose the adult prison sentence at the hearing. But E.F. said that he had applied forand gained acceptance tothe Labette Correctional Conservation Camp. Although his juvenile sentence was intensively supervised probation, he asked the district court to send him to Labette as a condition of a new, adult probation. Though the district court noted "at least a significant issue as to whether or not I have the authority to put you in Labette," the court granted the disposition E.F. requested.
The district court granted adult probation even though K.S.A.2008 Supp. 38-2364(b) provides that when a court finds that a juvenile has violated the juvenile sentence, as E.F. did, the court "shall revoke the juvenile sentence and order the imposition of the adult sentence previously ordered." Our court has already held that this language means what it says: when its terms are met, the statute "compel[s] incarceration" and leaves the district court no room to consider other alternatives. State v. J.H., 40 Kan. App.2d at 646-47, 197 P.3d 467.
While E.F. suggests that we should reconsider J.H. in light of In re L.M., we see nothing in the court's opinion in In re L.M. that would suggest any change from our court's straightforward reading of K.S.A.2008 Supp. 38-2364. The court in L.M. held that because the Kansas juvenile-justice system *790 had become more akin to adult proceedings over the years, juveniles have a constitutional right to a jury trial. 286 Kan. 460, Syl. ¶ 2, 186 P.3d 164. But extended-jurisdiction juvenile proceedings have always been recognized as serious cases, and K.S.A.2008 Supp. 38-2347(f)(4) already provided the right to a jury trial to juveniles in those proceedings. And that provision was in effect in 2007 when E.F. admitted he had committed aggravated assault and was sentenced. See L.2006, ch. 169, secs. 47, 141 (adopting provision now codified as K.S.A.2008 Supp. 38-2347 effective January 1, 2007). Thus, we do not see any reason to believe that In re L.M. would impact the proper reading of the statutory language of K.S.A.2008 Supp. 38-2364.
Nor do constitutional rights to equal protection come into play here as E.F. also suggests. Age is not a suspect classification for equal-protection analysis, so all that's required for a statutory distinction on the basis of a juvenile's age is a rational basis. Christopher v. State, 36 Kan.App.2d 697, Syl. ¶ 12, 143 P.3d 685 (2006). The State has established a system for juveniles in extended-jurisdiction proceedings under which the juvenile may gain the benefit of juvenile sentencing statutes rather than being waived to adult court. In return for that benefit, the juvenile must comply with the juvenile sentence or end up serving an adult sentence. The State certainly has a legitimate interest in juvenile offenders complying with their sentences, and the State may rationally first handle serious juvenile offenders within the juvenile system before then imposing an adult sentence. There is no equal-protection violation through the sentencing scheme at issue here.
E.F.'s last argument, based on K.S.A. 21-4603d(g), isn't properly before us in this case because it couldn't have benefitted E.F. Sometimes in an adult criminal case, the district court is required under K.S.A. 21-4603d(g) to consider a placement at the Labette Correctional Conservation Camp before sending the defendant to prison. But the sentencing journal entry for E.F. showed that he had a criminal-history score of "B," and the provisions of K.S.A. 21-4603d(g) do not benefit a defendant with such a serious criminal-history score. Although E.F.'s brief doesn't really sketch out a full argument, we surmise that he is claiming that when the dual juvenile and adult sentences are adopted in an extended-jurisdiction juvenile proceeding, the district court must factor K.S.A. 21-4603d(g) into its consideration of the adult sentence. In opposition, one might argue that the initial juvenile sentence serves the equivalent purpose. But we conclude that we should not attempt to resolve this issue in this question-reserved appeal since the issue was never raised to the district court, has only been cursorily mentioned on appeal, and didn't impact the offender involved in this case at all.
We conclude that J.H. properly interpreted the statutory language now found in K.S.A.2008 Supp. 38-2364. When the district court finds that the offender has violated the conditions of the juvenile sentence, the court must impose the adult sentence.
We therefore sustain the State's appeal on the question reserved.