Leben, J.:
Under the Kansas sentencing guidelines, the more serious a defendant’s past offenses are, the greater tire presumptive sentence if the defendant commits a new felony offense. After Michael Pearce, Jr., was convicted of his fifth burglary, however, the district court did not include Pearce’s past residential burglary—a person felony—when calculating his criminal-history score because *117 the court had used that conviction to apply a statute that makes prison the default sentence for recidivist burglars.
The State has appealed, contending that the district court erred by excluding the prior residential burglary when determining Pearce’s criminal-history score. The defendant successfully argued in the district court that K.S.A. 2013 Supp. 21-6810(d)(9) prevents the court from counting this offense.
But that statute excludes prior convictions only when “they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction.” K.S.A. 2013 Supp. 21-6810(d)(9). None of those criteria were met here: the past offense did not change the severity level of this offense (severity-level 7), did not change the offense from a misdemeanor to a felony, and was not required for conviction of the current offense. K.S.A. 2013 Supp. 21-6810(d)(9) goes on to state that “[e]xcept as otherwise provided, all other prior convictions will be considered and scored.” (Emphasis added.) Because no statutory exception applied to Pearce’s prior residential-burglary conviction, the district court should have considered it when determining Pearce’s criminal-history score, which determines the length of his presumptive prison sentence.
Factual, Procedural, and Legal Background
In late September or early October 2012, Pearce and another man broke into a building in Miami County and stole an all-terrain vehicle and related equipment. When police questioned him, Pearce confessed to the burglary and theft and offered to return some of the stolen property.
Under a plea agreement in June 2013, Pearce pled guilty to burglary of a dwelling, a severity-level-7 person felony, and felony theft (property valued at $1,000 or more), a severity-level-9 nonperson felony. The State agreed to dismiss a criminal-damage-to-property charge and an unrelated criminal case against him.
Pearce had six prior convictions—two misdemeanor thefts and four burglaries: three burglaries of a-nondwelling, which are nonperson felonies, and one residential burglary, a person felony. All of the convictions were from 2012.
*118 A defendant’s pxior convictions are important because Kansas uses sentencing guidelines when determining sentences on felony offenses. Those guidelines are based on two major factors—the severity level of the offense and the criminal-history score of the offender. The more severe the offense, the greater the potential prison sentence. Similarly, the greater the defendant’s criminal-history score, the greater the potential prison sentence. See K.S.A. 2013 Supp. 21-6804(a).
The criminal-histoiy-score range runs from A, the most serious (applicable to a person with three or more person felonies), to I, the least serious (applicable to a person with no more than one misdemeanor conviction). See K.S.A. 2013 Supp. 21-6809. If all of Pearce’s prior convictions are used to determine his criminal-his-toiy score, he would be in category C, applicable to a person with at least one person and one nonperson felony. But if his prior residential-burglary conviction is excluded, his criminal-history category drops to E, which applies to a person with three or more prior felonies but no person felonies.
An additional statute can affect the sentence of a recidivist burglar like Pearce. Before tire statute was enacted, the presumptive sentence for a nonresidential burglary (a nonperson felony) for a defendant with no person-felony convictions was probation—no matter how many burglaries the defendant had committed. For example, even with a conviction on more than a dozen charges for nonresidential burglary, theft, and criminal damage to property, a court was required to enter a departure sentence to send a defendant to prison instead of placing him or her on probation. See State v. Snow, 40 Kan. App. 2d 747, 748-50, 195 P.3d 282 (2008), rev. denied 289 Kan. 1285 (2009). The district court may enter a dispositional-departure sentence in such cases only when substantial and compelling reasons support the departure. 40 Kan. App. 2d at 756-57.
The legislature addressed the case of the recidivist burglar with a special sentencing provision enacted in 2008, eliminating presumptive-probation sentences for burglars who reoffend. See L. 2008, ch. 183, sec. 4, codified at K.S.A. 2009 Supp. 21-4704(1). The provision is now found in K.S.A. 2013 Supp. 21-6804(1); under it, *119 anyone who commits a residential- burglary has a presumptive prison sentence if that person has previously committed any burglary—residential or otherwise.
In the district court, Pearce argued that one of his past burglary convictions must be used to trigger the recidivist-burglar penalty and cannot also be used in calculating his criminal-history category. In support, he cited K.S.A. 2013 Supp. 21-6810(d)(9), which provides that a conviction used to “enhance the severity level” of the current crime is not counted for criminal-history purposes. The defendant then argued that although any one of die burglary convictions would have triggered the recidivist-burglar prison sentence, the residential-burglary conviction should be used for that purpose because of the rule of lenity, under which ambiguities in criminal statutes are construed in favor of the defendant.
The State’s response accepted the defendant’s presumption that one of the past burglaries had to be excluded but argued that “the prior conviction removed from scoring should be the one that has the least [effect] on a defendant’s criminal history.” The State argued that the residential-burglary conviction, Pearce’s only person-felony conviction, thus should still be scored.
The district court summarized the attorneys’ arguments as “a debate ... as to what was the appropriate crime to throw [out]” in determining the criminal-histoiy category. The court said that it found the defendant’s argument “more compelling” because “the statute has to be construed in favor of the Defendant.” By excluding the residential-burglaiy conviction, Pearce’s criminal-history category was E rather than C. The sentencing range for Pearce’s severity-level-7 burglary conviction in this case at category E ranged from 19 to 23 months in prison, while the sentence for a defendant in categoiy C ranged from 25 to 29 months in prison. See K.S.A. 2013 Supp. 21-6804(a).
The district court sentenced Pearce to 21 months in prison on the burglary conviction and 6 months in prison for theft, with the sentences to run concurrently with one another, for a controlling sentence of 21 months in prison. The court denied Pearce’s motion for a dispositional-departure sentence to probation instead of prison.
*120 Analysis
On appeal, both parties reprise their arguments. Both sides agree on what statutes apply: K.S.A. 2013 Supp. 21-6804(1), the recidivist-burglar provision, and K.S.A. 2013 Supp. 21-6810(d)(9), which excludes some convictions when scoring a defendant’s criminal history.
But neither party ties the argument to the words found in these statutes. When one does so, the answer here is quite clear.
We start with K.S.A. 2013 Supp. 21-6810(d)(9). It establishes a general rule under which all convictions are scored unless excluded, and it excludes only convictions that enhance the severity level of the crime, change the crime from misdemeanor to felony, or constitute an element of the offense:
“Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored.” K.S.A. 2013 Supp. 21-6810(d)(9).
We can quickly see that none of the conditions for exclusion are met in Pearce’s case. His offense was a severity-level-7 felony, and neither its severity level nor its felony status was impacted by any of his past convictions. See K.S.A. 2013 Supp. 21-5807(a)(l), (c)(1)(A). Nor is an element of the offense (burglary) having committed a prior burglary. See K.S.A. 2013 Supp. 21-5807(a)(l). So none of his past burglary convictions would be excluded from criminal-history scoring under the very specific words used in the statute.
Even so, Pearce cites a Kansas Supreme Court case, State v. Zabrinas, 271 Kan. 422, 443, 24 P.3d 77 (2001), for tire proposition that prior convictions may not be scored “if they enhance the applicable penalties of the present conviction.” Prison is obviously a greater sanction than probation, so Zabrinas seems to support Pearce’s position. Once again, though, Pearce fails to trace the Zabrinas holding to the language of the applicable statute. When we do so, we see that the statutory language when Zabrinas was decided differs from today’s statute.
*121 The issue in Zabrinas involved a persistent sex offender; a special sentencing statute provided for doubling the prison term for certain recidivist sex offenders. The Kansas Supreme Court agreed with Zabrinas’ argument that “tire conviction used to find that [Za-brinas] was a persistent sex offender may not also be used to calculate his criminal history.” 271 Kan. at 443. But it did so under the language of the predecessor statute to the present K.S.A. 2013 Supp. 21-6810(d)(9), which provided an exclusion not only when the prior conviction enhanced the severity level of the crime but also when it enhanced the applicable penalties:
“ ‘Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored.’ ” (Emphasis added.) Zabrinas, 271 Kan. at 443 (quoting K.S.A. 21-4710[d][ll]).
The Zabrinas opinion had specifically relied upon and approved the reasoning of an opinion of this court on the same issue, State v. Taylor, 27 Kan. App. 2d 62, 998 P.2d 123, rev. denied 269 Kan. 940 (2000). See Zabrinas, 271 Kan. at 443-44. Our court pegged its ruling squarely on the “applicable penalties” language then in tire statute;
“Here, the statute flatly prohibits use of prior convictions to determine the criminal history category ‘if they enhance the severity level or applicable penalties.’ There can be no doubt that classification as a persistent sex offender enhances the applicable penalties . . . .” 27 Kan. App. 2d at 64-65.
But the legislature eliminated the “applicable penalties” language in 2010. See L. 2010, ch. 36, sec. 1, effective April 8, 2010. Zabrinas and Taylor applied the older statutory language, not the current version, K.S.A. 2013 Supp. 21-6810(d)(9).
We have now resolved the primary issue before us: The district court erred when it excluded one of Pearce’s burglary convictions when determining his criminal-history category. We must also address one other issue: Is the answer to the main question of statewide importance? The State cited K.S.A. 2013 Supp. 22-3602(b)(3), its right to appeal “upon a question reserved,” as the sole basis for its appeal in both its notice of appeal and its docketing statement. *122 Such an appeal is heard only to address a matter of some statewide importance, not merely to show that the district court was wrong in a particular case. In re E.F., 41 Kan. App. 2d 860, Syl. ¶ 1, 205 P.3d 787 (2009). Pearce argues that the determination of his criminal-history score did not present an issue of statewide importance.
But no appellate decisions discuss the elimination of the “applicable penalties” language from the statute on how to score a defendant’s criminal history. And many cases have relied upon that language in holding that certain convictions must be excluded. See Zabrinas, 271 Kan. at 443-44; accord State v. Arnett, 290 Kan. 41, 48-49, 223 P.3d 780 (2010) (holding that forgery conviction used to increase mandatory-minimum sentence could not be counted to score criminal history); State v. Gilley, 290 Kan. 31, 38-39, 223 P.3d 774 (2010) (same); State v. Luttig, 40 Kan. App. 2d 1095, 1098-99, 199 P.3d 793 (2009) (same); Taylor, 27 Kan. App. 2d at 64-65. Our opinion in Pearce’s case alerts the bench and bar that these cases—decided based on statutory language no longer in place—may no longer be good law. Our opinion also serves as a reminder that when determining an issue governed by statute, you must start with the language of the statute.
The appellate court’s ruling on a question reserved does not have any effect on the defendant in the case. In re E.F., 41 Kan. App. 2d 860, Syl. ¶ 2. Accordingly, Pearce’s sentence is not affected by this decision.
We sustain the State’s appeal on the question reserved.
[[Image here]]