NOT DESIGNATED FOR PUBLICATION

No. 113,910

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL H. PARKER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed July 1, 2016. Affirmed.

*Adam D. Stolte*, of Stolte Law, LLC, of Olathe, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  Paul H. Parker Jr., appeals his sentence, claiming his criminal history was improperly scored as A instead of B. Although Parker is correct, the State is also correct that Parker's score, even absent that error, would remain A. Accordingly, we find no basis for relief.

*Procedural background*

In 2010, a jury convicted Paul Parker of rape, attempted rape, aggravated sexual battery, two counts of battery, and aggravated burglary. The facts are well known to the

1

parties and are irrelevant to this appeal, so we see no need to recite them here. See *State v. Parker*, 48 Kan. App. 2d 68, 282 P.3d 643 (2012), *rev. denied* 297 Kan. 1254 (2013). After the State filed notice of its intent to request an upward durational departure, the jury found the evidence necessary to establish an aggravating sentencing factor—the victim was particularly vulnerable due to her age. Parker takes no issue on appeal with the upward durational departure sentence proceeding.

Prior to sentencing, the presentence investigation (PSI) report found Parker had multiple prior convictions, including a burglary conviction in 1984, an attempted burglary conviction in 1987, an indecent liberties with a child conviction in 1992, an aggravated burglary conviction in 1998, and two attempted residential burglary convictions in 2005. Based on Parker's criminal history, the district court found Parker had a criminal history score of A—the highest. His severity level was also the highest—I.

At the sentencing hearing, Parker did not object to his criminal history score. The State asked the district court to double the top of the sentencing range for A I (653 months), but the district court instead doubled the standard sentencing range for A I (620 months), imposing concurrent prison sentences of 1,240 months for rape, 118 months for attempted rape, 64 months for aggravated sexual battery, and 32 months for aggravated burglary. As to the battery convictions, the district court also sentenced Parker to concurrent sentences of 6 months in the Saline County Jail. Parker filed a direct appeal but the Kansas Court of Appeals upheld his convictions and sentences. *Parker*, 48 Kan. App. 2d at 86.

On August 4, 2014, Parker filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504, arguing his pre-Kansas Sentencing Guidelines Act (KSGA) convictions had been improperly classified under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). He

claimed that all pre-KSGA felonies must be scored as nonperson offenses. Parker also asked the district court to resentence him consistent with *Murdock*.

In December 2014, Parker's attorney filed a motion for correction of sentence, immediately followed by two amended motions, also claiming that under *Murdock*, Parker's criminal history was inaccurate and his sentence was illegal. At the hearing, Parker argued his pre-KSGA convictions should not be scored as person felonies.

Following the hearing, the district court affirmed Parker's convictions, finding Parker had stipulated to his criminal history score at sentencing and had failed to raise the issue in his direct appeal. The district court held Parker's sentence was legal when it was imposed and was final prior to the *Murdock* decision. The district court further found that even if *Murdock* were factually applicable, *Murdock* could not be retroactively applied. Additionally, the district court held Parker's claim was barred by the doctrine of res judicata.

Parker timely appeals from the district court's denial of Parker's motion to correct illegal sentence, arguing his criminal history score is B and not A because his prior burglaries were not shown to be of dwellings, as is necessary to find them person felonies. If his criminal history is B, the standard sentence for a severity I would have been 586 and Parker's sentence for rape, when doubled, would have been 1172 months, instead of the 1240 months imposed by the court.

*Did the district court err in calculating Parker's criminal history score?*

Before addressing Parker's arguments on appeal, we note what Parker is not arguing. Parker has abandoned his motion to correct an illegal sentence based on our Supreme Court's holding in *Murdock*, presumably because *Murdock* has been overruled by *Keel*, 302 Kan. 560, Syl. ¶ 9. And although Parker's initial brief claimed that his

3

sentence is illegal under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), he repeatedly disavows reliance on *Dickey* in his reply brief: ("First, Mr. Parker did not ask for relief through retroactive application of *State v. Dickey*. Instead, Mr. Parker is entitled to relief because . . . the district court failed to apply *Apprendi v. New Jersey* . . . . Secondly, this Court may hear this issue because Mr. Parker asked for application of *Apprendi*, not retroactive application of *Dickey*."). Accordingly, we do not examine the State's argument that Parker's claims fail, because *Dickey* is not retroactive and applies only on direct appeal.

Parker argues that his 1984 burglary conviction and 1987 attempted burglary conviction must be scored as nonperson felonies for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Parker raises this argument for the first time on appeal. Complying with Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), Parker explains this issue falls under two of the exceptions to the general rule, which states that issues cannot be raised for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). We agree with Parker that the newly asserted question involves only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Accordingly, we address the merits of this issue.

K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). An illegal sentence is:

4

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *Dickey*, 301 Kan. at 1034.

Although Parker argues that both his 1984 and 1987 burglary convictions should be scored as nonperson felonies, his PSI indicates that only his 1987 conviction was scored as a person felony; and his 1984 conviction was used as an enhancement and was not used for criminal history purposes. Thus, we examine only whether Parker's 1987 burglary conviction was properly scored as a person felony for criminal history purposes.

The statute in effect at the time Parker committed the 1987 burglary defined the crime of burglary as follows:

"Burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 21-3715 (Ensley 1981).

Parker *alleges* that his 1987 burglary conviction was under a statute that contained no dwelling element, but the State does not challenge that allegation or Parker's ensuing argument that this conviction should have been classified as a nonperson offense under the reasoning in *Descamps/Apprendi.* Accordingly, we find the State has tacitly conceded that Parker's 1987 Kansas burglary conviction was not a person felony for criminal history purposes. Thus, we assume, as the parties do, that the district court erred in counting it as such.

5

*Would Parker's criminal history score be an A even excluding the 1987 burglary?*

We next consider the State's contention that even if Parker's 1987 Kansas burglary conviction were a nonperson felony for criminal history purposes, his criminal history category remains an A, making any error harmless. The State contends that even if Parker's pre-KSGA convictions are excluded from the calculation of Parker's criminal history score, Parker would nonetheless receive a criminal history score of A because he has three or more person felonies—two prior convictions for attempted residential burglary in 2005, an aggravated burglary conviction in 1998, and an indecent liberties with a child conviction in 1992.

Parker counters that those convictions were counted as enhancements, so they cannot also be counted in determining his criminal history category; this, coupled with the re-categorization of his 1987 Kansas burglary conviction as a nonperson offense, leaves him with only two person felonies (those in 2005) and drops his criminal history score from A to B.

The determination of whether a sentence is illegal is a question of law over which we have unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). The question before us is one of statutory interpretation, which is a question of law subject to unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Phillips*, 299 Kan. at 495.

*We apply the statute in effect at the time Parker committed his current crimes*

Parker committed his current crimes on February 20, 2010. "'[T]he fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'" *Keel*, 302 Kan. at 589 (quoting *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 [2005]). Therefore, the applicable statute is K.S.A. 21-4710(d)(11).

That statute stated that prior convictions cannot be used to calculate the criminal history if they were used to enhance the applicable penalties of the present conviction:

> "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or *applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.) K.S.A. 21-4710(d)(11).

The legislature eliminated the "applicable penalties" language a couple of months after Parker committed his crimes in this case, but before the district court sentenced him. See K.S.A. 2010 Supp. 21-4710(d)(11) (effective April 8, 2010).

The interplay of convictions used to enhance a sentence and convictions used to score a prior criminal history is not novel. In *State v. Zabrinas*, 271 Kan. 422, 24 P.3d 77 (2001), the Kansas Supreme Court examined the statute quoted above and held that the conviction used to find that Zabrinas was a persistent sex offender could not also be used to calculate his criminal history score. 271 Kan. at 443-44. The court found that K.S.A. 21-4710(d)(11) plainly prevents, in determining criminal history, the counting of a prior conviction that was used to double the sentence under 21-4704(j). The court opined that had the legislature intended to allow the double counting of the conviction, it could have placed language in the statute evidencing that intent as it did with predatory sex

7

offenders. K.S.A. 21-4716(b)(2)(F)(ii)(a). Because the legislature failed to expressly provide for the double counting as it did with predatory sex offenders, the Court refused to allow the double counting for persistent sex offenders.

Thus, in accordance with the plain language of the statute in effect at the time Parker committed his current crimes, the district court could not use a single prior crime both to enhance Parker's "applicable penalties" and to count against his criminal history score. *Zabrinas* (applying the provision of 21-4704(j) requiring doubling the maximum duration of the presumptive imprisonment term to the sentence resulting from the lesser criminal history score). See *State v. Taylor*, 27 Kan. App. 2d 62, 998 P.2d 123 (2000) (holding prior conviction upon which classification of the defendant as persistent sex offender has been made cannot be separately used to calculate his criminal history category); *cf. State v. Pearce*, 51 Kan. App. 2d 116, 121, 342 P.3d 963 (addressing the same issue after the elimination of the "applicable penalties" language; finding none of the conditions for exclusion was met, so the prior burglary convictions should have been included in criminal history scoring.) *rev. denied* 302 Kan. __ (August 20, 2015).

*1992 Indecent liberties conviction*

Under K.S.A. 2009 Supp. 21-4704(j) sentences are enhanced—by doubling—when a defendant being sentenced for a sex crime with presumptive imprisonment has "at least one conviction for a sexually violent crime." Parker has a prior conviction for indecent liberties with a child, and that crime is statutorily designated as a "sexually violent crime." K.S.A. 2009 Supp. 22-4902(c)(2). The journal entry reflects that the district court applied special rules and determined Parker was a persistent sex offender pursuant to K.S.A. 2009 Supp. 21-4704(j). Moreover, the PSI shows that Parker's 1992 indecent liberties conviction was used to enhance Parker's sentence. Accordingly, contrary to the State's assertion, that conviction cannot also be counted in determining Parker's criminal history score. See *Zabrinas*, 271 Kan. at 443-44.

8

*1998 Aggravated burglary conviction*

We are left with the State's assertion that Parker's 1998 aggravated burglary could count as a prior person felony. Parker does not dispute that his two convictions for attempted residential burglary in 2005 are countable person felonies.

K.S.A. 21-3716 defines aggravated burglary as, "without authority, entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being with intent to commit a felony, theft or sexual battery therein." The elements of this crime show it to be a person felony. Although the district court counted it as a sentencing enhancement, nothing prevents the district court from counting it toward Parker's criminal history instead. Not using that conviction as an enhancement has no effect on Parker's sentence, which is doubled based on his prior indecent liberties conviction.

The State is thus correct that Parker's criminal history includes three person felonies in addition to his indecent liberties conviction—his 1998 aggravated burglary, and the two 2005 residential burglaries which Parker does not challenge. Accordingly, Parker has an A criminal history score. See K.S.A. 2015 Supp. 21-6809 ("The offender's criminal history includes three or more adult convictions or juvenile adjudications, in any combination, for person felonies."). The district court sentenced Parker using an A criminal history score; therefore, reclassifying the 1987 burglary conviction has no effect on Parker's current sentence.

Where, as here, a defendant's criminal history score remains an A based on his post-1993 convictions, we find arguments such as Parker's to be moot or harmless error. See, *e.g.*, *State v. Goin*, No. 113,204, 2016 WL 758320, at *3 (Kan. App. 2016) (unpublished opinion); *State v. Hampton*, No. 113,553, 2016 WL 2609632, at *3 (Kan.

9

App. 2016); *State v. Singleton*, No. 112,997, 2016 WL 368083, at *3 (Kan. App. 2016); *State v. Thompson*, No. 93,322, 2006 WL 399126, at *5 (Kan. App. 2004) (unpublished opinion), *rev. denied* 281 Kan. 1381 (2006). Accordingly, Parker is not entitled to relief from any error in the calculation of his criminal history score.

Affirmed.