NOT DESIGNATED FOR PUBLICATION

No. 116,545

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT WARD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed January 22, 2021. Appeal on remand dismissed.

*Kasper C. Schirer* and *Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, *Stephen A. Hunting*, former county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM:  Robert Ward's appeal returns to this court on remand from the Kansas Supreme Court with directions to reconsider whether the appeal is moot under the guidance provided in *State v. Roat*, 311 Kan. 581, 466 P.3d 439 (2020). See *State v. Ward*, 311 Kan. 619, 624, 465 P.3d 1143 (2020). For the reasons explained in this opinion, we again dismiss Ward's appeal as moot.

1

FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2013, Ward pled no contest to one count of criminal threat and two counts of assault in 12CR367. On August 12, 2013, the district court imposed a controlling sentence of 14 months' imprisonment but granted probation for 12 months to be supervised by community corrections. One condition of Ward's probation was for him to have no violent contact with the victim, J.D., his girlfriend.

In January 2014, Ward was arrested for committing domestic battery against J.D., so the State moved to revoke his probation. The State charged Ward for the alleged 2014 domestic battery in 14CR24. After conducting a preliminary hearing at which J.D. testified, the district court bound Ward over for trial.

On August 25, 2014, the district court held an evidentiary hearing on the alleged probation violation in 12CR367. Ward was represented by counsel. Ward's probation officer testified about the affidavit he filed to revoke Ward's probation based on the domestic battery arrest. Next, J.D. testified, but she recanted her allegation that Ward had physically assaulted her. The prosecutor impeached J.D.'s testimony by asking her questions about her statements at the preliminary hearing. Next, Detective Jeremi Thompson of the Franklin County Sheriff's Office testified about his investigation into the domestic battery report including his interview with J.D. at the hospital. According to Thompson, J.D. had visible bruising and swelling on her face and she explained to Thompson that Ward had caused the injuries by hitting her in the face.

Ward's counsel thoroughly cross-examined the witnesses and argued there was insufficient evidence to prove the alleged probation violation mostly because J.D. was recanting her original statements. But the district court found that J.D.'s testimony at the hearing was not credible and found "by a preponderance of the evidence that [Ward] did indeed violate the terms and conditions of his probation." The district court asked

2

whether the new statutory intermediate sanctions applied to the case, and after hearing from counsel, the judge stated that "this graduated sanction . . . stuff[] is extremely confusing." The district court found that it would "revoke" Ward's probation and ordered him to serve 60 days shock time in the county jail after which his probation would be extended for 12 months. The journal entry from the hearing stated that Ward's probation was "modified" and extended for 12 months after he served 60 days in jail.

In February 2015, the State again moved to revoke Ward's probation, alleging that he had violated the terms of his probation by breaking the law, pointing to his recent arrest for criminal threat, violation of a protection order, endangering the welfare of a child, domestic battery, and criminal damage to property. The State charged Ward with these crimes in 15CR52.

On May 13, 2015, under a global plea agreement, Ward pled no contest to criminal threat in the new case, which led to the district court revoking his probation in 12CR367 and ordering him to serve the underlying 14-month prison sentence. The next month, the district court sentenced Ward in 15CR52 to 17 months' imprisonment, to be served consecutively to the sentence in 12CR367. Under the plea agreement, the district court dismissed 14CR24 with prejudice. Ward did not appeal his probation revocation in 12CR367 or his conviction and sentence in 15CR52.

From July 2015 to February 2016, Ward filed several pro se motions and letters with the district court in 12CR367, including a motion to correct illegal sentence, asserting that the district court had violated his constitutional rights when it found that he had violated his probation in 2014 based on the domestic battery. Ward did not dispute his 2015 probation violation, but he asserted that he would not have been on probation in 12CR367 in 2015 had the district court not improperly extended that probation in 2014.

On March 4, 2016, Ward filed a handwritten "Petition for Relief Pursuant to K.S.A. 60-1507." Ward filed this pleading under 12CR367, and it was never docketed as a separate civil case. In the motion, Ward repeated his earlier arguments and asserted a new claim that his counsel was ineffective at the 2014 probation violation hearing. Ward based this claim on several allegations, including that his attorney was not prepared for the hearing and failed to inform him of his right to appeal. For his ultimate relief, Ward asked the district court "to vacate, set aside, or correct [his] sentence" in 12CR367.

On July 18, 2016, the district court held a hearing on Ward's motion to correct illegal sentence and his K.S.A. 60-1507 motion. Ward did not attend in person but was represented by new counsel. After hearing statements from counsel, the district court summarily dismissed the motions. Ward appealed the dismissal.

Ward filed a brief in this court and argued "the district court erred by summarily dismissing [his] motions." After receiving the State's brief, this court ordered Ward to show cause why his appeal should not be dismissed as moot because it appeared that he had completed his sentence, citing *State v. Montgomery*, 295 Kan. 837, 286 P.3d 866 (2012). In response, Ward acknowledged he had completed his sentence, but he argued that his case was not moot "because the finding that he violated the terms of his probation may be used against [him] in the future to deny him probation or to possibly subject him to an upward departure sentence." He distinguished *Montgomery* by asserting that unlike the defendant in that case, Ward has consistently disputed the allegation of domestic battery that was made against him at the 2014 hearing. This court noted Ward's response but dismissed the appeal as moot "[b]ecause he has completely served his sentence."

The Kansas Supreme Court granted Ward's petition for review and remanded the case to this court for reconsideration under *Roat*, 311 Kan. 581, which it decided the same day. *Ward*, 311 Kan. at 624. More specifically, our Supreme Court remanded this case to this court "so that it may reconsider the arguments that Ward presented in his

4

response to the panel's show cause order under the guidance provided in *Roat*." 311 Kan. at 624. Three justices dissented based on the rationale in *State v. Tracy*, 311 Kan. 605, 466 P.3d 434 (2020). *Ward*, 311 Kan. at 624. The dissenting justices found that under the facts and arguments presented, Ward's "case should be dismissed." 311 Kan. at 624.

## IS WARD'S APPEAL MOOT UNDER THE ANALYSIS IN *ROAT*?

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *Roat*, 311 Kan. at 590. Mootness is "a prudential doctrine" that recognizes that a court's role """is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" [Citations omitted.]" 311 Kan. at 590. "A case is moot when a court determines that '"it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."' [Citation omitted.]" 311 Kan. at 584.

The party asserting mootness generally bears the initial burden of establishing that a case is moot. 311 Kan. at 593. This burden can be met by showing "that the defendant has fully completed the terms and conditions of his or her sentence." 311 Kan. at 593. Once a prima facie showing of mootness has been established, the "burden then shifts to the party opposing the mootness challenge to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593.

Ward candidly admits that he has completed his underlying prison sentence. But in *Roat*, our Supreme Court rejected a bright-line test for mootness based on an individual completing his sentence. See 311 Kan. at 592. Thus, we must conduct a particularized

analysis to determine whether "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual *for any purpose* and it would not impact *any* of the parties' rights.' [Citation omitted.]" (Emphases added.) 311 Kan. at 592. Only under those circumstances should we dismiss Ward's appeal as moot.

Consideration of a party's rights and the effect of a judgment on those rights is not limited to the case at hand; courts must examine the collateral effects on rights and the preservation of rights for future litigation. 311 Kan. at 594. But our Supreme Court in *Roat* limited the consideration to "vital, or substantial, right[s] requiring a judgment in this appeal." 311 Kan. at 596. It also noted that "[m]ere stigma or 'rightness' is insufficient to justify continuing to exercise jurisdiction over an appeal." 311 Kan. at 599. Our Supreme Court cautioned:  "Litigants must do more than mention speculative rights; they must give substance to their arguments when asserting that protection of collateral rights necessitates resolution of their underlying appellate issues. And appellate courts must analyze and evaluate those arguments before exercising the prudential authority to dismiss appeals because of mootness." 311 Kan. at 601.

Because mootness is a prudential doctrine that does not implicate the court's jurisdiction over the case, the doctrine is subject to exceptions. 311 Kan. at 590. One exception to the mootness doctrine is when the issue being litigated is capable of repetition and raises concerns of public importance. 311 Kan. at 590. Ward does not argue that any exception to the mootness doctrine applies in his case.

As stated above, Ward argued in his response to the show cause order that his appeal is not moot because "the finding that he violated the terms of his probation [by committing domestic battery in 2014] may be used against [him] in the future to deny him probation or to possibly subject him to an upward departure sentence." He cites *State v. Snow*, 40 Kan. App. 2d 747, 757, 195 P.3d 282 (2008), *superseded by statute on other*

6

*grounds as recognized in State v. Pearce*, 51 Kan. App. 2d 116, 118, 342 P.3d 963 (2015), which recognizes that nonamenability to probation is a valid nonstatutory factor that may support an upward sentencing departure. 40 Kan. App. 2d at 756-57.

Also, in his response to this court's show cause order, Ward distinguished his case from *Montgomery* by asserting that unlike the defendant in that case, he has consistently disputed the allegation of domestic battery that was made against him at the 2014 hearing. In *Montgomery*, in finding the defendant's appeal from his probation revocation to be moot after he completed his sentence, the court observed that the defendant did not dispute that he had violated the terms of his probation; he challenged only the sanction for that violation. 295 Kan. at 844. The *Montgomery* court reasoned that any future court considering whether the defendant was amenable to probation would focus on the fact that he had violated his probation, not merely how he was sanctioned for the violation. 295 Kan. at 844. Based on the distinction between his case and *Montgomery*, Ward argued in his response to the show cause order that because he "challenges the fact that he violated the terms and conditions of his probation, rather than merely complaining about the resulting punishment, this Court should not dismiss the case as moot."

We agree with Ward that his case is distinguishable from *Montgomery*. But for reasons we will explain, that distinction alone does not prevent this appeal from being dismissed as moot. First, Ward's argument against mootness rests on the premise that he will again be a defendant in criminal proceedings, that he will be convicted, that the case will proceed to sentencing, and that the sentencing court will consider his 2014 probation violation and find that it shows that Ward is unamenable to probation. This scenario is speculative and purely hypothetical, and whether it occurs is completely up to Ward. The best way for Ward to prevent it from happening is for him to do what is expected of any other citizen, which is to abide by the law and not commit any more crimes.

Second, even if Ward commits another crime, the determination of whether he is amenable to probation is a matter within the discretion of a future sentencing court. Thus, it is not inevitable that a future sentencing court would find that Ward is unamenable for probation based only on his 2014 probation violation. It is just as likely, for instance, that a future sentencing court might find that Ward is unamenable for probation based on his 31 prior convictions listed in his presentence investigation report. As the court stated in *Roat*: "Litigants must do more than mention speculative rights; they must give substance to their arguments when asserting that protection of collateral rights *necessitates* resolution of their underlying appellate issues." (Emphasis added.) 311 Kan. at 601.

Third, even if Ward commits another crime and even if the sentencing court considers whether his 2014 probation violation renders him unamenable to probation, Ward would still have the chance to argue that the violation should not weigh against him in deciding whether probation should be granted. In this sense, Ward's hypothetical scenario is like the scenario asserted in *Tracy*, 311 Kan. 605. In that case, the defendant challenged the criminal history classification of a prior out-of-state conviction, but while his appeal was pending, he completed his sentence that had been calculated based in part on that classification and was released from custody. Our Supreme Court rejected the defendant's argument that his appeal was not moot because a future court might consider the classification binding, holding that he could object to his criminal history during any future proceedings in which it is relevant. 311 Kan. at 608-09.

To begin to sum up, we reject Ward's assertion that an appeal challenging a probation violation finding, as opposed to the sanction imposed for the violation, can never be found to be moot. Granted, such an appeal does not automatically become moot when the defendant completes his or her sentence. But under the facts presented here, we find that Ward's claim involves the sort of remote and abstract harm that is too indefinite to refute a finding of mootness. Stated differently, Ward's claim does not present a "vital, or substantial, right requiring a judgment in this appeal." *Roat*, 311 Kan. at 596.

Finally, although Ward did not make the argument in his response to the show cause order, his case is distinguishable from *Montgomery* and most other published cases addressing mootness because Ward is seeking to bring a collateral challenge to his sentence based on an ineffective assistance of counsel claim. If we dismiss Ward's appeal as moot, then his ineffective assistance of counsel claim remains unresolved. But Ward's ineffective assistance of counsel claim was only a means to an end. In his ultimate claim for relief in his K.S.A. 60-1507 motion, Ward asked the district court "to vacate, set aside, or correct [his] sentence" in 12CR367. Ward has served his sentence and even if his ineffective assistance of counsel claim has merit, we cannot give back to Ward the time he has already served. Ward's only argument that his appeal is not moot is because the finding that he violated his probation in 2014 might be used to deny him probation in a hypothetical future case. The nature of Ward's claim of ineffective assistance of counsel does not change the fact that in the end, he fails to meet his burden to show a non-speculative harm that he will suffer if we do not address his claim on appeal.

Considering the arguments under the guidance provided in *Roat*, we find that Ward has failed "to show the existence of a substantial interest that would be impaired by dismissal" of his appeal. 311 Kan. at 593. Moreover, Ward does not argue that any exception to the mootness doctrine applies in his case. Based on the arguments presented in Ward's response to the show cause order, we dismiss his appeal as moot.

Appeal on remand dismissed.