NOT DESIGNATED FOR PUBLICATION

Nos. 124,608
124,609

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SETH NATHANIEL LIGHTFOOT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed October 28, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Seth Nathaniel Lightfoot appeals from the sentences imposed in case Nos. 20CR220 and 20CR320. We granted Lightfoot's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no error, we affirm for the reasons below.

FACTUAL AND PROCEDURAL HISTORY

In August 2020, the State charged Lightfoot with residential burglary and theft in case No. 20CR220 (Case 1). In December 2020, the State charged Lightfoot with

1

nonresidential burglary, attempted burglary of a motor vehicle, theft, criminal deprivation of property, and criminal trespass in case No. 20CR320 (Case 2).

In July 2021, Lightfoot entered a global plea agreement encompassing both cases and agreed to plead guilty to theft in Case 1 and nonresidential burglary in Case 2. The agreement also covered a count of misdemeanor theft in case No. 21CR163 (Case 3), as well as an agreement by the State to "dismiss the motion to revoke filed in [case No.] 20CR24 [Case 4], allow the case to terminate and any costs remaining to be addressed in the new sentencing." The district court accepted Lightfoot's plea at a hearing in July 2021 and set the case for sentencing.

At sentencing, the parties did not dispute that Lightfoot had a criminal history score of E. In Case 1, the court imposed an 8-month sentence, followed by 12 months' postrelease supervision. In Case 2, the court imposed a 21-month sentence, running consecutive to the sentence in Case 1, followed by 12 months' postrelease supervision. Lastly, in Case 3, the court imposed a six-month sentence, running concurrent with the other sentences. The court also explained it was declining Lightfoot's request to participate in an intensive substance abuse treatment program instead of presumptive imprisonment.

The State timely moved to correct an illegal sentence, asserting that the district court had incorrectly sentenced Lightfoot in the G-9 box instead of the E-9 box in Case 1. The State also asked the court to order his sentences in both Case 1 and Case 2 to run consecutive to any sentence imposed in Case 4, since Lightfoot was on felony probation in Case 4 when he committed the offenses in those cases.

Lightfoot then filed a motion objecting to his criminal history, challenging the use of his prior convictions to move him from presumptive probation to presumptive prison under a special rule. The State countered legislative changes authorized using Lightfoot's

2

criminal history in this way. See *State v. Pearce*, 51 Kan. App. 2d 116, 121, 342 P.3d 963 (2015).

At the resentencing hearing, Lightfoot agreed the district court originally used the wrong gridbox when imposing the sentence in Case 1. However, the parties disputed whether it was appropriate for the court to order his sentences to run consecutive to any sentence in Case 4. Lightfoot argued that the court was only able to resentence in Case 1 to correct that illegal sentence and that the court's silence on this point at the original sentencing did not allow any changes to any aspect of the original sentence in Case 2. The court noted Lightfoot's objection and ordered that the sentence in both cases would run consecutive to Case 4.

As for Lightfoot's objections to his criminal history score, the court again found Lightfoot's criminal history to be E and declined to make findings to recommend participation in substance abuse treatment under K.S.A. 2021 Supp. 21-6804(p) instead of presumptive imprisonment. As a result, in Case 1, the court imposed a 10-month sentence, followed by 12 months' postrelease supervision.

Lightfoot timely appealed.

ANALYSIS

*The district court did not err by using Lightfoot's prior convictions at sentencing.*

Lightfoot first challenges the district court's use of his criminal history at sentencing without submitting it to a jury and proving it beyond a reasonable doubt. Yet, as he notes, Kansas courts have consistently rejected the argument that the use of a defendant's prior convictions to calculate criminal history at sentencing violates due process under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348

3

(2000). See *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018) (reaffirming *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 [2002]). This court is duty-bound to follow Kansas Supreme Court precedent, absent some indication of a departure from a previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Similarly, Lightfoot contends the district court improperly used his prior convictions to invoke a special rule creating a presumption of imprisonment when a defendant's criminal history includes three or more prior felony convictions for theft, burglary, or aggravated burglary. K.S.A. 2021 Supp. 21-6804(p); see also K.S.A. 2021 Supp. 21-6810(d)(10) ("Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored.").

But as Lightfoot recognizes, this court previously rejected the very claim he appears to be making—that the district court could not double count his prior convictions to both calculate his criminal history and apply the special rule from K.S.A. 2021 Supp. 21-6804(p)—in *Pearce*, 51 Kan. App. 2d 116. In that case, this court noted that the Legislature modified a predecessor to K.S.A. 2021 Supp. 21-6810 in 2010 by removing language creating an exclusion for any prior convictions that enhanced the "'applicable penalties'" of the present crime of conviction. 51 Kan. App. 2d at 121; see K.S.A. 21-4710(d)(11). As a result, the *Pearce* court held that a prior burglary conviction could now be used both to calculate the criminal history score and apply a special sentencing rule requiring a presumption of prison. 51 Kan. App. 2d at 120-21.

While we are not bound by decisions from other panels of this court, Lightfoot does not explain why we should depart from that same reasoning. See *State v. Fleming*,

308 Kan. 689, 706, 423 P.3d 506 (2018). Accordingly, we find no error in district court's use of Lightfoot's prior convictions at sentencing.

*We lack jurisdiction to consider Lightfoot's challenge to the imposition of consecutive sentences.*

Lastly, Lightfoot argues that the district erred by running his sentences in Case 1 and Case 2 consecutive to the sentence imposed in Case 4. Lightfoot's challenge misses the mark for at least four reasons.

First, we lack jurisdiction to consider an appeal of a presumptive sentence, including when a district court imposes presumptive sentences consecutively. See *State v. Young*, 313 Kan. 724, 740, 490 P.3d 1183 (2021). Second, we lack authority to review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2021 Supp. 21-6820(c)(2). Under the waiver of rights attached to his plea agreement, Lightfoot acknowledged that his sentences in Case 1 and Case 2 would need to be run consecutive to any case in which he was on felony probation or bond supervision. For these reasons, we must dismiss Lightfoot's challenge to the imposition of consecutive sentences for lack of jurisdiction.

Third, although not entirely clear from his motion for summary disposition, Lightfoot appears to bring forward an argument made at resentencing—that the district court's failure to formally pronounce that the sentences in Case 1 and Case 2 would run consecutive to prior cases at the original sentencing prevented modifying that aspect of his sentences unless some other reason existed to correct an otherwise illegal sentence. While sometimes it may be true that the district court's silence on this point at the original sentencing would normally result in concurrent sentences, the statute makes clear there are exceptions. See K.S.A. 2021 Supp. 21-6606(a) ("Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served,

5

they shall be served concurrently, except as otherwise provided in subsections [c], [d,] and [e].").

Lightfoot does not appear to dispute that an exception applies here because he was on release for a felony in Case 4 when he committed the offenses in Cases 1 and 2. See K.S.A. 2021 Supp. 21-6606(d) ("Any person who is convicted and sentenced for a crime committed while on release for a felony . . . shall serve the sentence consecutively to the term or terms under which the person was released."). Put simply, the original sentences in Cases 1 and 2 were illegal because they did not conform to K.S.A. 2021 Supp. 21-6606(d). See K.S.A. 2021 Supp. 22-3504(c)(1) ("'Illegal sentence' means a sentence . . . that does not conform to the applicable statutory provision."). As a result, the district court could correct those sentences at any time and did so by ordering them to run consecutive to Case 4 at resentencing.

Finally, even under Lightfoot's theory, the practical effect of resentencing in only Case 1—because he conceded that sentence was illegal since the district court applied the wrong gridbox—would result in the same outcome. At the original sentencing, the court specifically ordered the sentence in Case 2 to run consecutive to the sentence in Case 1. As a result, if Lightfoot does not contest that the court could resentence him in Case 1 and run that sentence consecutive to Case 4, the sentence in Case 2 would already be running consecutive to Case 4.

Accordingly, we find no error in Lightfoot's sentences and affirm.