No. 108,130

STATE OF KANSAS, *Appellee*, v. SHERWIN TAYLOR, *Appellant*.

(319 P.3d 1256)

Opinion filed March 14, 2014.

*Sean M.A. Hatfield* and *Carl F.A. Maughan*, of Maughan & Maughan LC, of Wichita, were on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Sherwin Taylor appeals the summary denial of his pro se motion to correct an illegal sentence filed 23 years after sentencing. He claims a speedy trial violation deprived the sentencing court of jurisdiction to impose sentence, and that the sentencing court improperly ordered his sentences to run consecutive to sentences not yet imposed in another case. He also claims the district

court erred by summarily denying the motion, arguing he was entitled to appointed counsel under the statute governing motions to correct an illegal sentence, K.S.A. 22-3504.

Taylor's speedy trial claim cannot be raised in a motion to correct an illegal sentence because it challenges his convictions, not the sentences imposed. See *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

But the consecutive sentencing claim is more complicated. A sentence cannot be ordered to run consecutive to a sentence not yet imposed. *State v. Reed*, 237 Kan. 685, 690, 703 P.2d 756 (1985). In that respect, the sentencing court erred by running the sentences in this case consecutive to sentences not yet imposed in another case pending against Taylor, 87 CR 412. K.S.A. 1987 Supp. 21-4608(4) required consecutive sentences in this case if Taylor committed the crimes while on release in 87 CR 412. We cannot determine from the record whether Taylor was on release at the time he committed these offenses.

We remand for the district court to determine whether Taylor was on release in 87 CR 412 when the crimes in this case were committed and whether K.S.A. 1987 Supp. 21-4608(4) applied. And based on that determination, the district court may have to conduct further proceedings as may be warranted, such as resentencing. Because of our disposition, it is unnecessary to address his appointment of counsel claim, which is raised for the first time on appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Taylor was convicted of aggravated robbery and first-degree murder in this case, designated in the district court as case No. 87 CR 1120, for conduct occurring on or around July 15, 1987. On March 31, 1988, he was sentenced to "not less than fifteen (15) years to Life" for aggravated robbery and "Life" for murder. The sentencing journal entry states that the sentences were ordered to run consecutive to each other and "to the sentence imposed against the Defendant *in Case No. 87 CR 412.*" (Emphasis added.)

Taylor's direct appeal was unsuccessful. *State v. Taylor*, No. 62,629, 1989 WL 151266 (Kan. 1989) (unpublished opinion). He

has filed numerous postconviction motions without success. See *Taylor v. McKune*, No. 99-3182, 2002 WL 398740, at *1 (D. Kan. 2002) (unpublished opinion) (noting it was Taylor's fourth habeas corpus motion).

Taylor filed this pro se motion to correct an illegal sentence in 2011, over 23 years after he was sentenced. He claimed a speedy trial violation and that the sentencing court lacked authority to order his sentences to run consecutive to the sentences imposed in 87 CR 412. Taylor attached the journal entry of judgment from 87 CR 412 to his motion. It establishes he pleaded guilty to two felonies on August 27, 1987, *i.e.*, after the aggravated robbery and murder were committed in this case. It also establishes Taylor was sentenced in 87 CR 412 on April 5, 1988, which was after the sentences were imposed in this case.

The State responded that Taylor's speedy trial claim is a collateral attack on his convictions that cannot be raised in a motion to correct an illegal sentence. The State also argued the sentencing court was required to order consecutive sentences under K.S.A. 1987 Supp. 21-4608(4) because the crimes in this case were committed while Taylor was on release for two felonies in 87 CR 412. The district court summarily denied Taylor's motion in a brief journal entry stating: "[Court] adopts State's reply as its findings of fact and conclusions of law." Taylor appealed.

This court's jurisdiction arises under K.S.A. 2011 Supp. 22-3601(b)(3) (life sentence imposed); see *State v. Pennington*, 288 Kan. 599, 599, 205 P.3d 741 (2009) (jurisdiction over appeal of motion to correct illegal sentence lies with court that had jurisdiction to hear original appeal).

## SUMMARY DENIAL OF THE MOTION

Taylor argues the district court erred by summarily denying his motion to correct an illegal sentence.

### Standard of Review

This court reviews the summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504 de novo because it has the same access as the district court to the motions, records, and files.

*Trotter*, 296 Kan. at 901. This court, like the district court, must determine whether those documents conclusively show the defendant is not entitled to relief. 296 Kan. at 901-02. K.S.A. 22-3504 applies only if the sentence is illegal.

Whether a sentence is illegal is a question of law over which this court has unlimited review. 296 Kan. at 902. An "illegal sentence" is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. 296 Kan. at 902.

*Speedy Trial Claim*

Taylor contends his speedy trial claim places his consecutive sentences within the first category—that the court lacked jurisdiction to impose them—because he was not tried within 180 days after arraignment. He acknowledges his right to a speedy trial may be waived and that his counsel requested several continuances, but he argues the record does not demonstrate he personally waived his right to a speedy trial.

The State correctly argues Taylor's speedy trial violation claim cannot be raised in a motion to correct an illegal sentence because it is a challenge to his convictions, not his sentences. This is evident because the proper remedy for a speedy trial violation is to reverse the convictions—not impose a different sentence. See *State v. Adams*, 283 Kan. 365, 371, 153 P.3d 512 (2007) (reversing convictions based on speedy trial violation).

It is well established that K.S.A. 22-3504 is a vehicle to correct an illegal sentence and not a mechanism to reverse a conviction. *Trotter*, 296 Kan. at 902; *State v. Williams*, 283 Kan. 492, 495-96, 153 P.3d 520 (2007). This court has repeatedly applied this principle to reject illegal sentence appeals premised on defective complaints because a defective complaint goes to the lawfulness of the conviction, not the sentence. See *Trotter*, 296 Kan. at 904; *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012). Moreover, the Court of Appeals has addressed the precise speedy trial issue advanced by Taylor and held that a motion to correct an illegal sen-

tence may not allege such violation. See *Trass v. State*, No. 104,039, 2011 WL 1814917, at *2 (Kan. App. 2011) (unpublished opinion). The district court did not err by summarily denying Taylor's speedy trial claim.

## Consecutive Sentencing

Taylor's second argument is that his sentences are illegal because they were ordered to run consecutive to the sentences in 87 CR 412, which had not been imposed yet. On appeal, the State's first argument is that Taylor failed to meet his burden to designate the record because the record does not reflect whether Taylor's account of the timing is accurate.

The State is correct that Taylor bears the burden of proof. See *State v. Neal*, 292 Kan. 625, 633, 258 P.3d 365 (2011). But the State overlooks that Taylor attached the journal entries from this case and case No. 87 CR 412 to his motion. These entries establish that Taylor was sentenced in this case on March 31, 1988, and sentenced in 87 CR 412 a few days later on April 5. In fact, the State conceded to the district court that "[t]he sentencing in 87 CR 1120 occurred five days before the sentence was imposed in 87 CR 412."

Turning to the merits, Taylor cites *Reed*, 237 Kan. at 690, as establishing that a sentence cannot be ordered to run consecutive to a sentence not yet entered. In *Reed*, the defendant was charged in one case. While out on bond, Reed committed more crimes and was charged in a subsequent case. The trial court sentenced Reed in the first case, but it ordered his sentences to run consecutive to the sentences not yet imposed in the subsequent case. Reed appealed. The court held:

"[I]n order for a trial court to impose a consecutive sentence, there must be a prior sentence in *existence* at the time of the subsequent sentencing. *A trial court has no authority to direct a sentence to run consecutively to a nonexisting sentence which might thereafter be imposed in a pending case.*" (Emphasis added.) 237 Kan. at 690.

Consistent with *Reed*, we hold that the sentencing court erred by running Taylor's sentences in this case consecutive to his sentences in case No. 87 CR 412 because those sentences did not yet

exist. But the case does not end here. We must continue the analysis because the State also argues Taylor's sentences are not illegal because the district court was statutorily required to enter consecutive sentences under K.S.A. 1987 Supp. 21-4608(4), which states:

"Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released."

Application of K.S.A. 1987 Supp. 21-4608(4) turns on whether Taylor was on release for a felony in case No. 87 CR 412 when he committed aggravated robbery and first-degree murder in this case. The record establishes Taylor committed the crimes in 87 CR 1120 on July 15, 1987, and pleaded guilty to the two felonies in case No. 87 CR 412 about a month and a half later, on August 27, 1987.

Given the limited time between these events, it is highly probable Taylor was "on release for a felony" in 87 CR 412 at the time he committed the crimes in this case, but the record is not conclusive about this. As a result, summary denial was improper.

We remand Taylor's case for the district court to determine whether Taylor was on release in 87 CR 412 when he committed the crimes in this case and whether K.S.A. 1987 Supp. 21-4608(4) applied. Further proceedings may be required after that determination.

Affirmed in part, reversed in part, and remanded with directions.