NOT DESIGNATED FOR PUBLICATION

No. 113,842

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SETH MICHAEL CLEMENTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed December 18, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Seth Michael Clements appeals the district court's denial of his motion to correct an illegal sentence. We granted Clements' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On June 13, 2012, Clements pled guilty to one count of sexual exploitation of a child and two counts of attempted aggravated indecent liberties with a child. On April 1, 2013, the district court imposed a controlling sentence of 64 months' imprisonment with lifetime postrelease supervision.

1

On November 6, 2014, Clements filed a motion to correct an illegal sentence under K.S.A. 22-3504(1). In the motion, Clements argued that imposition of lifetime postrelease supervision was unconstitutional as applied to him. On January 22, 2015, the district court denied the motion, ruling that K.S.A. 22-3504 does not permit constitutional challenges to a sentence. Clements appealed.

On appeal, Clements asserts that the district court "erred by not granting relief under K.S.A. 22-3504." Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. An illegal sentence as contemplated by K.S.A. 22-3504(1) is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Taylor*, 299 Kan. at 8.

As Clements acknowledges in his motion, our Supreme Court has held that because the definition of an illegal sentence does not encompass violations of constitutional provisions, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 22-3504. *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015) (citing *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 [2007]). Thus, the district court did not err in denying Clements any relief under K.S.A. 22-3504.

Affirmed.