NOT DESIGNATED FOR PUBLICATION

No. 112,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RALPH DOUGLAS C. FAIRCHILD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed April 15, 2016.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Mollie R. Hill*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.


BUSER, J.:  Ralph Douglas C. Fairchild appeals his sentence and revocation of
probation in this criminal case. Finding no error by the district court, we affirm the
sentence and revocation of Fairchild's probation.


FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2011, Fairchild was found guilty upon his plea of no contest to
aggravated robbery. A presentence investigation (PSI) report showed Fairchild had a
criminal history score of B. That score was based, in part, on a 1985 conviction for

1

assault with a deadly weapon in Washington, D.C., which the PSI classified as a person felony. At sentencing, on September 2, 2011, Fairchild did not challenge his criminal history. Under terms of a plea agreement, Fairchild was sentenced to 216 months' imprisonment and granted a dispositional departure to 36 months' probation.

Less than 1 year later, on August 16, 2012, the State moved to revoke Fairchild's probation. The State alleged, in part, that Fairchild did not report for nearly a year, failed to complete a substance abuse evaluation, tested positive for opiates, failed to resolve outstanding warrants, failed to pay court costs, and failed to avoid violations of the law. At the probation revocation hearing held on January 30, 2013, Fairchild stipulated to these violations, the district court revoked his probation, imposed 60 days of "shock time," and set the matter over for a dispositional hearing on whether probation would be reinstated. The district court warned Fairchild that, in the meantime, if he did not comply with the prior conditions of his probation, "we're just going to order you to serve the balance of your sentence." The district court concluded: "You're down to your absolute final chance."

Two days after Fairchild was released from the jail, he reported under the influence of alcohol. Testing showed an alcohol level of .191. The district court ordered Fairchild to serve his underlying prison sentence. Fairchild appeals.

MOTION TO CORRECT ILLEGAL SENTENCE

After filing his appeal, but before docketing it with our court, Fairchild filed a pro se motion to correct illegal sentence in the district court. The district court declined to rule on the motion. Fairchild now renews his motion to correct illegal sentence in our court, and we may consider it. See K.S.A. 22-3504; *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). Our appellate review is unlimited. See *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Fairchild contends the district court erred by counting his 1985 conviction in Washington, D.C. as a person felony. In support of his contention, Fairchild relies on two decisions of our Supreme Court which that court has since overruled. See *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015); *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). Because *Murdock* and *Williams* have been overruled, they do not support Fairchild's legal argument. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. __ (2015) (Court of Appeals is bound by Kansas Supreme Court precedent).

Fairchild also argues that legislation enacted to overturn *Murdock* and *Williams* violates the Ex Post Facto Clause of the United States Constitution. Our Supreme Court's decision in *Keel*, however, renders that point moot. Since *Murdock* and *Williams* are no longer good law in Kansas, we need not consider Fairchild's complaint regarding this legislation. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012) (appellate courts generally do not decide moot questions).

We conclude the district court did not err in classifying Fairchild's 1985 conviction in Washington, D.C. by "comparing the criminal statute under which the prior offense arose to the comparable post-[Kansas Sentencing Guidelines Act] criminal statute." *Keel*, 302 Kan. 560, Syl. ¶ 8. Fairchild raises no other challenge to the classification or to his criminal history score generally. As a result, the sentence imposed by the district court was not illegal.

For his second issue on appeal, Fairchild does not dispute that he violated several conditions of his probation. Instead, he contends the district court abused its discretion by revoking probation and imposing the underlying sentence.

Once a violation of probation has been established, the district court must consider whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). The disposition of a case upon a showing of a probation violation lies within the broad discretion of the district court. Appellate review of the district court's disposition of the probation revocation hearing is, therefore, limited to reviewing the court's decision for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Fairchild's argument on abuse of discretion is conclusory and omits citation to supporting authority. Having considered the entire record, however, we do not see an abuse of discretion. Fairchild was convicted of a serious felony offense that, except for being granted a dispositional departure to probation, would have resulted in presumptive imprisonment. As detailed in the Factual and Procedural Background section of this opinion, Fairchild's violations of his probation were serious and numerous. Even the imposition of shock jail time and the district court's clearly stated warning did not alter Fairchild's behavior. On this record, we are convinced there was no abuse of discretion by the district court in revoking his probation and ordering incarceration.

Affirmed.