NOT DESIGNATED FOR PUBLICATION

Nos. 113,976
113,977

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FELIPE ARRIAGA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed July 22, 2016. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli Law Office, of Guymon, Oklahoma, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: Felipe Arriaga was sentenced to a controlling sentence of 142 months' imprisonment for several crimes. Arriaga's presentence investigation (PSI) report reflected a criminal history score of A, based partly on two juvenile adjudications. Arriaga later filed a motion to correct an illegal sentence, arguing the court should not have used his juvenile adjudications in calculating his criminal history score. The court denied his motions. Arriaga appeals, claiming the district court erred in considering his juvenile adjudications because (1) his juvenile adjudications had decayed; and (2) using juvenile adjudications to calculate an adult defendant's criminal history score goes against

1

the policy goals of juvenile proceedings and violates due process and the prohibition against ex post facto laws. We affirm.

On June 26, 2013, in case No. 13CR407, the State charged Arriaga with one count of aggravated robbery, a level 3 person felony; one count of conspiracy to commit aggravated robbery, a level 5 person felony; one count of possession with intent to distribute, a level 2 drug felony; one count of conspiracy to commit possession with intent to distribute methamphetamine, a level 2 drug felony; one count of aggravated battery, a level 7 person felony; and one count of aggravated assault, a level 7 person felony. Arriaga later pled no contest to an amended complaint with one count of conspiracy to commit aggravated robbery and one count of aggravated battery.

Arriaga's PSI report showed he had a criminal history score of A. His score was based in part on two juvenile person felony adjudications for burglary of a dwelling from Moore County, Texas in 2000. The district court sentenced Arriaga to 130 months in prison for conspiracy to commit aggravated robbery and 12 months in prison for aggravated battery, with the sentences to run consecutively.

Also on June 26, 2013, in case No. 13CR408, the State charged Arriaga with one count of criminal possession of a firearm by a convicted felon, a level 8 nonperson felony; one count of possession of methamphetamine, a level 5 drug felony; and one count of possession of drug paraphernalia, a class A nonperson misdemeanor. Arriaga pled no contest to one count of criminal possession of a firearm by a convicted felon, and the State dropped the other two charges. Arriaga's PSI report again showed a criminal history score of A, based on the same two juvenile person felony adjudications. The district court sentenced Arriaga to 21 months in prison, to run concurrently with his sentence in case number 13CR407.

The district court held a sentencing hearing for both cases on February 20, 2014. At the hearing, Arriaga agreed he had a criminal history score of A. He also admitted he committed all of the offenses listed in his PSI reports. He did, however, object to the use of his juvenile adjudications in calculating his criminal history score.

On August 5, 2014, Arriaga filed a pro se motion to appeal his sentences in both of his cases. In his motion, Arriaga stated he felt his sentences were too harsh based on the use of his juvenile adjudications, and he requested a reduction of his sentences.

Arriaga also filed a number of pro se motions to correct an illegal sentence. He filed two motions in case number 13CR407: one on December 3, 2014 and one on January 30, 2015. In case number 13CR408, he filed three motions: one on December 3, 2014, one on January 20, 2015, and one on February 4, 2015. Every motion was identical. In his motions, Arriaga argued the district court erred in using his juvenile adjudications in calculating his criminal history score.

On February 24, 2015, the district court issued a memorandum decision and order denying Arriaga's motions in both cases. The court found Arriaga's juvenile adjudications were properly used in calculating his criminal history score pursuant to K.S.A. 2012 Supp. 21-6810. Arriaga's new appointed counsel for appeal filed a notice of appeal in both cases on March 6, 2015.

On March 5, 2015 Arriaga filed a pro se motion to reconsider in both cases. Arriaga raised the same arguments as in his motions to correct an illegal sentence. On March 24, 2015, the district court denied Arriaga's motion to reconsider. On April 13, 2015, Arriaga filed a pro se appeal in both cases.

Arriaga argues the district court erred in calculating his criminal history score by using two of his juvenile adjudications. He first argues the adjudications

3

should have decayed. Additionally, he argues the use of juvenile adjudications in calculating adult criminal history scores contravenes the purpose of juvenile proceedings and violates due process and the prohibition against ex post facto laws.

The State responds that the district court properly used Arriaga's juvenile adjudications in calculating his criminal history score. First, the State contends Arriaga's adjudications could not decay because they were person felonies. Second, it asserts the Kansas Supreme Court has already ruled that district courts may properly use juvenile adjudications in calculating a defendant's criminal history score. *State v. LaMunyon*, 259 Kan. 54, 911 P.2d 151 (1996).

*Standard of review*

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Phillips*, 299 Kan. 479, 494, 325 P.3d 1095 (2014). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is also a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). A sentence is illegal if: (1) a court imposes it without jurisdiction; (2) it does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. 299 Kan. at 8.

The Kansas Sentencing Guidelines Act (KSGA) controls the sentencing of criminal defendants. The KSGA clearly provides that district courts may use juvenile adjudications in determining a defendant's criminal history score. K.S.A. 2012 Supp. 21-6810(a) states, in relevant part:

4

"Criminal history categories contained in the sentencing guidelines grids are based on the following types of prior convictions: . . . person felony juvenile adjudications, nonperson felony juvenile adjudications, . . . person misdemeanor juvenile adjudications, nonperson class A misdemeanor juvenile adjudications, . . . select class B nonperson misdemeanor juvenile adjudications and convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor."

The KSGA also provides several circumstances under which juvenile adjudications may decay, after which courts may no longer use them to calculate a defendant's criminal history score. K.S.A. 2012 Supp. 21-6810(d)(4) provides, in relevant part:

"Except as otherwise provided, a juvenile adjudication will decay if the current crime of conviction is committed after the offender reaches the age of 25, and the juvenile adjudication is for an offense:

. . . .

"(B) committed on or after July 1, 1993, which would be a nondrug severity level 6, 7, 8, 9 or 10, a drug severity level 4 felony for an offense committed on or after July 1, 1993, but prior to July 1, 2012, or a drug severity level 5 felony for an offense committed on or after July 1, 2012, if committed by an adult."

Not all juvenile adjudications are eligible for decay, however. As K.S.A. 2012 Supp. 21-6810(d)(3) states: "There will be no decay factor applicable for . . . a juvenile adjudication for an offense which would constitute a person felony if committed by an adult." Furthermore, under K.S.A. 2012 Supp. 21-6811(e), a district court must use out-of-state juvenile adjudications in classifying a defendant's criminal history score.

Under the KSGA, Arriaga's juvenile adjudications were not eligible for decay. The two adjudications which the district court used to calculate Arriaga's criminal history score of A were both for burglary of a dwelling. Under the Kansas burglary statute,

burglary of a dwelling is a person felony. K.S.A. 2012 Supp. 21-5807(a)(1) and (c)(1)(A). Arriaga's two adjudications were for an offense that would constitute a person felony if committed by an adult. Under K.S.A. 2012 Supp. 21-6810(d)(3), such adjudications are not eligible for decay. Consequently, regardless of how old Arriaga was at the time of his current crime of conviction or the severity level of his juvenile adjudications, the district court was authorized by statute to use these two juvenile adjudications to calculate Arriaga's criminal history score. Because the district court's actions were authorized by statute, Arriaga's sentence is not illegal, and the district court did not err.

Arriaga next argues that since juvenile adjudications are not considered criminal convictions under Kansas law, they should not be used to calculate a defendant's criminal history score. He first argues juvenile adjudications are not criminal convictions, and using adjudications to increase criminal penalties contravenes the general policy goals of juvenile proceedings. Second, he argues using juvenile adjudications to calculate a criminal history score violates due process. Finally, he argues doing so violates the prohibition against ex post facto laws. As the State points out, every argument presented by Arriaga was rejected by our Supreme Court in *LaMunyon*.

In *LaMunyon*, our Supreme Court acknowledged that "it is well established that a juvenile adjudication is not a 'criminal conviction.'" 259 Kan. at 59. Nonetheless, the court went on to note that "the Kansas Legislature was aware that a juvenile adjudication was not a criminal conviction" when it "specif[ied] in the KSGA that 'criminal history' includes specific juvenile adjudications and criminal convictions." 259 Kan. at 59. Furthermore, "[t]he mere fact that a juvenile adjudication [was] not a criminal conviction [did] not prohibit using a juvenile adjudication in calculating a criminal history score for purposes of sentencing an adult under the KSGA." 259 Kan. at 59. Thus, just because a juvenile adjudication is not a conviction does not mean a district court cannot use it to calculate a defendant's criminal history score.

6

Arriaga also argues that using his juvenile adjudications to calculate his criminal history score violates the prohibition against ex post facto laws. More specifically, Arriaga includes a recitation of what an ex post facto law is, but he does not explain how the KSGA violates the prohibition against ex post facto laws in his case. Based on his own description, however, there is no ex post facto violation in this case.

The juvenile adjudications at issue appear to have occurred after the effective date of the KSGA. "An ex post facto violation occurs when a new law is retroactively applied to events that occurred before its enactment and the new law disadvantages the offender affected by it." *LaMunyon*, 259 Kan. at 65. The Kansas Legislature enacted the KSGA in 1993. Arriaga's juvenile adjudications were in 2000, and Arriaga does not argue or provide any evidence that the crimes were actually committed prior to 1993. Furthermore, burglary has a 5-year statute of limitations in Texas. Tex. Crim. Proc. Code Ann. Art. 12.01 (Vernon 2015); 1999 Tex. Sess. Law Serv. Ch. 39 (Vernon). Because the crimes at issue in Arriaga's adjudications appear to have occurred after the passage of the KSGA, the KSGA is not acting retroactively. Therefore, there can be no ex post facto violation.

Even if the burglaries had occurred prior to the passage of the KSGA, there is still no ex post facto violation. In order for the KSGA to violate the prohibition against ex post facto laws, it must punish juvenile adjudications that occurred before its year of enactment. As our Supreme Court pointed out in *LaMunyon*,

> "[T]he KSGA does not operate retrospectively to punish the activity which occurred prior to the effective date of the KSGA and therefore does not violate the prohibition against ex post facto laws.
>
> ". . . The defendant is not being punished for his juvenile adjudications. The adjudications are merely being used to calculate the defendant's criminal history score for the purpose of determining the guidelines sentence for his current offense. That the

7

guidelines sentence is greater upon inclusion of the juvenile adjudications in his criminal history score than it would be without considering the adjudications does not mean the defendant is being punished for the prior adjudications. The defendant's ineligibility for sentence conversion is not a punishment for his prior juvenile adjudications but rather is a result of his current status as a repeat offender. The consideration of juvenile adjudications which occurred before the effective date of the KSGA in calculating an offender's criminal history score under the KSGA is not a violation of the prohibition against ex post facto laws." 259 Kan. at 67.

Under either analysis, then, Arriaga's ex post facto argument fails.

In summary, the district court properly used Arriaga's juvenile adjudications in calculating his criminal history score. Under K.S.A. 2012 Supp. 21-6810, Arriaga's juvenile adjudications for offenses which would have been person felonies if committed by an adult did not decay. Furthermore, our Supreme Court has already ruled in *LaMunyon* that juvenile adjudications may be used in calculating a defendant's criminal history score without violating due process or prohibitions against ex post facto laws. We are duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128 (2011), *rev. denied* 302 Kan. __ (2015). Arriaga has not pointed out any such indication. For these reasons, the district court did not err in calculating Arriaga's criminal history score.

Affirmed.