NOT DESIGNATED FOR PUBLICATION

No. 114,400

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHERMAN L. WRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed April 7, 2017.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Sherman L. Wright filed a motion to correct an illegal sentence before the district court. There, he did not present any evidence showing his sentence was illegal. Now on appeal, he claims the district court's journal entry denying his motion failed to explicity state there were no substantial issues of law and fact. Finding no error by the district court, we affirm.

In 1987, a jury convicted Wright of burglary and theft in case number 87CR139. On February 12, 1988, a three-judge panel sentenced Wright in 87CR139 and three other cases: 87CR1414, 87CR1418, and 87CR1478. The sentencing court used Wright's 1982

1

convictions to double the length of his sentence in 87CR139 pursuant to the Habitual Criminal Act, K.S.A. 21-4504(a) (Ensley 1988).

On April 1, 2014, Wright filed a motion to correct an illegal sentence. The district court summarily denied Wright's motion. Wright appealed.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

When a district court summarily denies a motion to correct an illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

Wright's single claim on appeal is the district court erred by failing to explicitly find his motion did not raise a substantial issue of law or fact. For support, he cites *State v. Taylor*, 299 Kan. 5, Syl. ¶ 4, 319 P.3d 1256 (2014), which states: "A district court should examine a motion to correct an illegal sentence to determine if it raises substantial issues of law or fact. If it does not, the motion should be summarily denied."

However, the plain language of *Taylor* does not require an explicit finding that no substantial issues of law or fact exist. In *Taylor*, the Kansas Supreme Court reversed the district court because it was unclear whether K.S.A. 1987 Supp. 21-4608(4) applied, not because the district court failed to explicitly find there were no substantial issues of law or fact.

The district court's order denying Wright's motion to correct an illegal sentence is nine pages long. It contains findings of facts and conclusions of law. It specifically found

2

Wright "is not challenging his sentence in Case No. 87CR139[,] alleging it was correctly doubled under the Habitual Criminal Act." Although the district court did not explicitly state it found there were no substantial issues of fact or law, after reading the order, it is clear the district court found no substantial issues of fact or law in Wright's motion. The summary denial of Wright's motion to correct an illegal sentence was not erroneous.

Affirmed.