NOT DESIGNATED FOR PUBLICATION

No. 118,056

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN C. BAILEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed July 20, 2018. Affirmed.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.


Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.


PER CURIAM: Brian C. Bailey appeals the decision of the Leavenworth County District Court to deny his habeas corpus petition under K.S.A. 2017 Supp. 60-1501. Bailey claims the district court improperly affirmed the Kansas Department of Corrections' (KDOC) calculation of his parole eligibility date. We disagree and therefore affirm the district court's decision.

1

The facts are not in dispute. Bailey currently is serving the following sentences.

| Case # | County | Offense (Count #) | Date of Offense | Date Sentenced | Class | Sentence |
|---|---|---|---|---|---|---|
| 81CR13 | Wyandotte | Aggravated Robbery | 12/17/80 | 07/17/81 | B Felony | 5-20 years |
| 87CR1856 | Wyandotte | Aggravated Assault | 11/06/87 | 04/29/88 | D Felony | 3-10 years |
| 88CR586 | Wyandotte | Aggravated Sodomy (Ct. I) | 03/23/88 | 09/30/88 | B Felony | 45 years to life |
| 88CR586 | Wyandotte | Aggravated Sodomy (Ct. II) | 03/23/88 | 09/30/88 | B Felony | 45 years to life |
| K53262 | Johnson | Aggravated Robbery (Ct. I) | 12/08/86 | 02/23/89 | B Felony | 103 months |
| K53262 | Johnson | Aggravated Robbery (Ct. II) | 12/15/86 | 02/23/89 | B Felony | 103 months |
| K53262 | Johnson | Aggravated Robbery (Ct. III) | 12/15/86 | 02/23/89 | B Felony | 103 months |
| K53262 | Johnson | First-Degree Murder (Ct. IV) | 12/08/86 | 02/23/89 | A Felony | Life |
| K53262 | Johnson | Aggravated Robbery (Ct. V) | 12/23/86 | 02/23/89 | B Felony | 51 months |

The sentences in Wyandotte County cases 87CR1856 and 88CR586 were ordered to run concurrent with each other but consecutive to the sentence in Wyandotte County case 81CR13. The sentences in Counts I and II in Wyandotte County case 88CR586 were ordered to run concurrent with each other.

The sentences in Johnson County case K53262 were ordered to run consecutive to the Wyandotte County cases. The sentences for Counts I, II, and III in the Johnson County case were ordered to run concurrent with each other and consecutive to Counts IV and V. The sentences in Counts IV and V were ordered to run consecutive to each other. With the exception of Count IV, the Johnson County sentences were converted to guideline sentences as permitted by law.

In 2017, Bailey filed a petition for a writ of habeas corpus under K.S.A. 2017 Supp. 60-1501 challenging the KDOC's calculation of his parole eligibility date. The details of this claim will be discussed more fully below. The district court denied Bailey's petition for relief, and this is Bailey's appeal.

STANDARD OF REVIEW

Because Bailey does not challenge the district court's factual findings in its decision denying his K.S.A. 2017 Supp. 60-1501 petition, appellate review is limited to determining whether the district court's factual findings are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). To the extent this appeal involves interpretation of a statute, this court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

ANALYSIS

Bailey raises a legal challenge to the KDOC's method of calculating his parole eligibility date. Specifically, Bailey claims the KDOC and the district court misconstrued the applicable provisions of K.S.A. 22-3717 in aggregating the minimum consecutive sentences imposed for all of his convictions.

Before addressing the details of Bailey's claim, we first examine the applicable statutes in effect at the time the crimes were committed. See *Cooper v. Werholtz*, 277 Kan. 250, 251, 83 P.3d 1212 (2004); K.A.R. 44-6-107(a) (1984 Supp.) ("Parole eligibility shall be computed by applying the statute in effect at the time the inmate committed the crime for which imprisoned . . . ."). In this case, the crimes of conviction were committed in December 1986. Thus, Bailey's parole eligibility is generally governed by K.S.A. 1986 Supp. 22-3717, which provides, in relevant part:

3

"(a) Except as provided in subsection (b), an inmate, including an inmate sentenced pursuant to K.S.A. 21-4618 and amendments thereto, shall be eligible for parole after serving the entire minimum sentence imposed by the court, less good time credits.

"(b) An inmate sentenced for a class A felony, including an inmate sentenced pursuant to K.S.A 21-4618 and amendments thereto, shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits.

"(c) Except as provided in subsection (d), if an inmate is sentenced to imprisonment for more than one crime and the sentences run consecutively, the inmate shall be eligible for parole after serving the total of:

(1) The aggregate minimum sentences, as determined pursuant to K.S.A. 21-4608 and amendments thereto, less good time credits for those crimes which are not class A felonies; and

(2) an additional 15 years, without deduction of good time credits, for each crime which is a class A felony." K.S.A. 1986 Supp. 22-3717(a)-(c).

When, as here, an inmate is serving a class A felony sentence consecutive to a nonclass A felony sentence, the inmate must serve the 15 years in prison without deduction for good time credit on each of the class A felony sentences before accruing parole eligibility for the aggregated nonclass A felony sentences. See K.A.R. 44-6-114(c)(2) (1984 Supp.).

Relying exclusively on subsection (b) of K.S.A. 1986 Supp. 22-3717, Bailey argues he was eligible to be considered for parole on his class A felony sentence "after serving 15 years of confinement, without deduction of any good time credits." This provision, however, is not applicable to Bailey because he is serving sentences for more than one crime. Because Bailey is "sentenced to imprisonment for more than one crime and the sentences run consecutively," he is only eligible for parole after serving the total of "the aggregate minimum sentences, as determined pursuant to K.S.A. 21-4608 and amendments thereto, less good time credits for those crimes which are not class A

4

felonies; and . . . an additional 15 years, without deduction of good time credits, for each crime which is a class A felony." K.S.A. 1986 Supp. 22-3717(c)(1) and (2).

The KDOC calculated Bailey's aggregated sentence and parole eligibility in a memorandum dated December 17, 2013, which is attached to Bailey's petition. The KDOC relied on the following information to calculate Bailey's aggregated controlling sentence:

| | |
|---|---|
| **81CR13** | **5-20 years** |
| 87CR1856 | 3-10 years (subsumed by sentence in 88CR586) |
| **88CR586** | **45 years to life (Count 1)** |
| | 45 years to life (Count 2), concurrent to Count 1 |
| **53262 Count 4:** | **Life (15 years to parole eligibility, no good time credit)** |
| **53262 Count 1:** | **103 months, consecutive to Count 4** |
| 53262 Count 2: | 103 months, concurrent to Count 1 |
| 53262 Count 3: | 103 months, concurrent to Count 1 |
| **53262 Count 5:** | **51 months, consecutive to Counts 1, 2, 3, and 4** |

Using this information, the KDOC determined Bailey's total aggregated controlling sentence as:  **(Life) plus (50 years to life) plus (154 months)**.

Bailey does not challenge the manner in which the KDOC aggregated the sentences or the total aggregated sentence itself; instead, his challenge is limited to the KDOC's decision to use the aggregated minimum indeterminate sentences for crimes which are not class A felonies to calculate his parole eligibility date for the class A felony. But the result of Bailey's argument would be to ignore his 50-year aggregated minimum sentences in Wyandotte County for aggravated robbery and aggravated sodomy. This is an unreasonable and illogical result. K.S.A. 1986 Supp. 22-3717(c) is clear and unambiguous with regard to calculating the parole eligibility date for inmates sentenced to imprisonment for more than one crime when the sentences are ordered to run consecutively:

"the inmate shall be eligible for parole after serving the total of:

  (1) The aggregate minimum sentences, as determined pursuant to K.S.A. 21-4608 and amendments thereto, less good time credits for those crimes which are not class A felonies; and

  (2) an additional 15 years, without deduction of good time credits, for each crime which is a class A felony." K.S.A. 1986 Supp. 22-3717(c).

"Good time credits" were defined in the 1986 statute as "one day for every three days served and one month for every year served, awarded on an earned basis pursuant to rules and regulations adopted by the secretary of corrections." K.S.A. 1986 Supp. 22-3717(o). See also K.A.R. 44-6-114(b) (1984 Supp.) (all nonclass A felony sentences shall have a parole eligibility date "which consists of the minimum sentence imposed less good time credits earned in accordance with K.S.A. 1982 Supp. 22-3717[1]").

In the Wyandotte County cases, the KDOC calculated the good time credits by taking Bailey's minimum controlling sentence of 50 years (45 years plus 5 years) and dividing it in half, to find the maximum possible good time credits to be 25 years. Assuming Bailey does not lose any good time credits while in prison, Bailey is eligible for parole in the Wyandotte County cases after 25 years:  50 years (minimum indeterminate sentence) minus 25 years (good time credits available).

In the Johnson County case, Bailey is not eligible for any good time credits for purposes of calculating his parole eligibility date. His life sentence is subject to a fixed 15-year parole eligibility date. K.S.A. 1986 Supp. 22-3717(c). Thus, without taking into account any good time credits lost since his sentence start date, Bailey must serve a minimum of 40 years (15 years plus 25 years) before reaching his initial parole eligibility date. Again, however, the actual parole eligibility date is dependent upon accrual or loss of earned good time credits.

6

Bailey also mentions in passing that the district court should have ordered his sentences in 88CR586 consecutive to the sentences imposed in 87CR1856. Bailey provides no argument in support of this claim. The claim, therefore, is deemed waived and abandoned. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (a point incidentally raised is deemed abandoned). To the extent the issue is properly before the court, the KDOC properly notes that the issue has previously been decided adversely to Bailey. See *State v. Bailey*, No. 110,583, 2014 WL 4388578, at *3 (Kan. App. 2014) (unpublished opinion).

> "In this case, Bailey was not currently 'serving a sentence' when he committed the new crimes of aggravated sodomy. Although he had been convicted and was incarcerated, he was not sentenced for aggravated assault until April 29, 1988. Thus, the trial court was not required under K.S.A. 21-4608(5) (Ensley 1988) to order Bailey's sentences in 88CV0586 to run consecutive to his sentence in 87CR1856. As a result, the sentences were not in error, and Bailey's motion fails. Moreover, Bailey's argument also fails based on [*State v.*] *Reed*[, 237 Kan. 685, 690, 703 P.2d (1985),] and [*State v.*] *Taylor*[, 299 Kan. 5, 9-10, 319 P.3d 1256 (2014),] because the trial court did not have the authority to impose a sentence to run consecutive to a nonexisting sentence which might thereafter be imposed in a pending case." *Bailey*, 2014 WL 4388578, at *3.

In sum, we conclude Bailey is collaterally estopped from relitigating an issue that was previously decided against him on the same set of circumstances. See *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284 (2002) (citing elements of claim for collateral estoppel or issue preclusion).

Finally, Bailey argues the KDOC violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the KDOC is denying him the right to appear before the prison review board but permitted other indistinguishable and similarly situated individuals to appear before the board. But Bailey does not provide any factual support for his equal protection claim. He simply

alleges there are similarly situated inmates who have received a parole hearing in the exact same circumstances under which he is imprisoned. Without any facts to support his conclusory allegation, he cannot prevail.

None of the arguments Bailey raises on appeal are sufficient to establish that he was entitled to habeas corpus relief. We therefore affirm the district court's decision to deny Bailey's petition under K.S.A. 2017 Supp. 60-1501.

Affirmed.