NOT DESIGNATED FOR PUBLICATION

Nos. 119,486
119,487

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLARENCE BUFORD JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed April 12, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

PER CURIAM: Clarence Buford Jr. appeals the district court's denial of his motions to correct an illegal sentence filed in two separate cases. We granted Buford's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response. For the reasons stated in this opinion, we affirm the district court's judgment.

In November 1996, Buford pled guilty to one count of second-degree murder in both 96CR882 and 96CR952. At sentencing, the district court found Buford's criminal history score to be C, and sentenced him to consecutive terms of 178 months'

1

imprisonment in each case. Buford's criminal history score was based in part on a 1988 Kansas juvenile adjudication of attempted aggravated burglary scored as a person felony.

On July 5, 2017, Buford filed a motion to correct an illegal sentence in each case, alleging that the district court erred in classifying his 1988 adjudication of attempted aggravated burglary as a person felony under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The State responded in each case and argued that Buford's motions should be denied for three reasons. First, the State argued that Buford was convicted of off-grid crimes and his sentences were unaffected by his criminal history score. Second, the State argued that the holding in *Dickey* does not apply to sentences that were final before the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Third, the State argued that the holding in *Dickey* does not apply to Buford's prior adjudication of attempted aggravated burglary. On March 12, 2018, the district court denied Buford's motions, adopting the State's response. Buford timely appealed and the cases have been consolidated on appeal.

On appeal, Buford claims the district court "erred in scoring his prior conviction of attempted aggravated burglary as a person felony." Buford articulates no legal argument to support his claim. Whether a sentence is illegal is a question of law subject to unlimited appellate review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Also, whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Statutory interpretation is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

In district court, Buford argued that his sentence was illegal because the district court erred in classifying his 1988 adjudication of attempted aggravated burglary as a person felony under *Dickey*. In *Dickey*, the Kansas Supreme Court held that the district court was constitutionally prohibited from classifying the defendant's pre-KSGA burglary

2

adjudication as a person felony under K.S.A. 2014 Supp. 21-6811(d) because doing so necessarily resulted from the district court making or adopting a factual finding, i.e., that the prior burglary involved a dwelling, that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. 301 Kan. 1018, Syl. ¶ 8.

But this court has repeatedly found that the holding in *Dickey* does not apply to a pre-1993 conviction or adjudication of aggravated burglary. See *State v. Hopkins*, No. 114,300, 2016 WL 4735093, at *3-4 (Kan. App. 2016) (unpublished opinion); *State v. Antalek*, No. 114,033, 2016 WL 4063971, at *2 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1320 (2017); *State v. Jefferson*, No. 110,932, 2015 WL 1782599, at *2 (Kan. App. 2015) (unpublished opinion). The reasoning behind these decisions is that the plain language of K.S.A. 2018 Supp. 21-6811(d) applies only to the classification of prior *burglary* convictions for criminal history purposes and does not govern the classification of pre-KSGA *aggravated burglary* convictions for criminal history purposes. We adopt the sound reasoning of these decisions and conclude that the district court did not err in rejecting Buford's argument under *Dickey*.

As Buford admits on appeal, under K.S.A. 21-4711(g), a prior conviction of an attempt to commit a crime shall be treated as a person or nonperson crime in accordance with the designation of the underlying crime. He also admits that under *State v. Keel*, 302 Kan. 560, 581, 357 P.3d 251 (2015), a pre-KSGA conviction or adjudication shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed. See K.S.A. 2018 Supp. 21-6811(e)(3). Here, on the date Buford's current crimes of second-degree murder were committed, aggravated burglary was classified as a person felony in Kansas. See K.S.A. 21-3716. Under these statutory rules, Buford's 1988 Kansas juvenile adjudication of attempted aggravated burglary was properly classified as a person offense for criminal history purposes.

3

The district court's finding that Buford was convicted of off-grid crimes and that his sentences were unaffected by his criminal history score was incorrect. Buford's convictions of second-degree murder were not off-grid crimes and his sentences were based on his criminal history score of C. But this error does not matter for reasons we have already explained. Finally, we need not address the district court's finding that the holding in *Dickey* does not apply to sentences that were final before *Apprendi*. If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.