NOT DESIGNATED FOR PUBLICATION

No. 119,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD E. TIMMONS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 10, 2019. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Richard E. Timmons appeals the reinstatement and extension of his probation. We granted Timmons' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the district court's decision. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

Timmons pled guilty to one count each of felony theft, a severity level 9 nondrug crime, and making false information, a severity level 8 nondrug grid crime, in case No.

1

13 CR 2560 (Case 1). At sentencing, the court followed the plea agreement and sentenced Timmons to 19 months in prison but released him on probation for 18 months.

Almost a year later, a warrant was issued for Timmons arrest alleging a violation of his probation for committing a domestic battery. As a result, following a hearing, the court ordered Timmons to submit to a 3-day jail sanction and extended his probation for another 18 months. Approximately 10 months later another warrant was issued for Timmons, this time alleging that he had tested positive for illegal drugs and failed to report to his probation officer. Timmons admitted to the violations and received a 60-day jail sanction and a 12-month extension of his probation. It was anticipated he would enter treatment for his drug addiction.

The final warrant was issued for his arrest approximately three months later. This time it was alleged that he committed two new drug crimes and possessed a weapon in case No. 17 CR 1263 (Case 2). He was ultimately convicted of those crimes by a jury. The probation violation hearing for Case 1 and the sentencing on Case 2 were set for the same date. During that hearing, Timmons argued that the sentence he received in Case 1 was illegal. He argued that the court erroneously counted his 2009 conviction for failure to register as a person felony. As to the probation violation, Timmons admitted the violation and simply noted that he had already served over 16 months in custody on Case 1. The court found that Timmons' sentence in Case 1 was not illegal. Furthermore, the court found that due to his conviction in Case 2 his probation should be revoked and Timmons was remanded to serve the balance of his 19-month sentence on Case 1. Timmons appeals.

ANALYSIS

Timmons raises two issues on appeal. First, he contends that the court should have imposed intermediate sanctions rather than revoke his probation. Second, he argues that

2

his underlying sentence in Case 1 was illegal. We will begin with whether his sentence was illegal.

*Timmons' sentence in Case 1 was not illegal.*

"The court may correct an illegal sentence at any time." K.S.A 2018 Supp. 22-3504(1). An illegal sentence is:  (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2018 Supp. 22-3504(3). "Whether a sentence is illegal is a question of law subject to de novo review." *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014) (citing *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 [2014]).

Timmons was convicted in 2010 for failure to register under the Kansas Offender Registration Act (KORA) in 2009. See K.S.A. 2018 Supp. 22-4901 et seq. At that time, all violations of the KORA were considered person felonies. See K.S.A. 22-4903(a) ("Any person who is required to register as provided in the Kansas offender registration act who violates any provisions of such act . . . is guilty of a severity level 5, person felony."). In 2016, this law was changed to provide that the conviction would count as a person felony or nonperson felony based on the underlying crime for which the defendant was required to register. See L. 2016, ch. 97, § 4. Timmons' underlying conviction requiring registration was for possession of cocaine with intent to sell, which was a nonperson felony. So under the current law, Timmons' 2010 conviction would have been a nonperson crime and his criminal history on this case would have been reduced from a C to an E. See K.S.A. 2018 Supp. 21-6804. That would have reduced the aggravated sentence in the grid box from 19 months, which Timmons received, to 15 months.

But we do not apply the current law in determining whether Timmons' 2010 conviction was a person or a nonperson crime. We use the law that was in effect at the time he committed his crimes in the 2013 case. See *State v. Keel*, 302 Kan. 560, 588, 357 P.3d 251 (2015) ("[C]lassifying a prior conviction based on the classification in effect when the *current* crime was committed also treats similarly situated defendants in the same manner." [Emphasis added.]).

So Timmons' 2009 KORA offense was properly counted as a person felony in relation to his 2013 conviction because that is how it would have been classified in 2013.

*The court did not abuse its discretion in revoking Timmons' probation and remanding him to prison for the balance of his term.*

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke or reinstate probation is subject to the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). An appellate court will not disturb a discretionary decision unless no reasonable person would have taken the view adopted by the district court. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). The party who asserts an abuse of discretion on appeal bears the burden of establishing it. *State v. Moses*, 280 Kan. 939, 945, 127 P.3d 330 (2006).

In most circumstances, the district court is required to impose intermediate sanctions before revoking an offender's probation. K.S.A. 2018 Supp. 22-3716(c)(1). See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are limited statutory exceptions that permit a district court to

4

revoke probation without having previously imposed the statutorily required intermediate sanctions. One such exception is when the defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

There is no dispute that Timmons committed new crimes while on probation. He had done so before and the court had elected to impose intermediate sanctions. He continued to violate probation and the court imposed more sanctions. By the time the probation revocation hearing came before the court, Timmons had already completed 494 days of a 570-day sentence. Based on our review of the record, we find no error of fact or law. Moreover, we find that the district court's decision was reasonable under the circumstances presented. Although the district court gave Timmons several chances to comply with the terms of his probation and to get the help he needed for his drug problem, he repeatedly failed to take advantage of these. Thus, we conclude the district court did not abuse its discretion in ordering Timmons to serve the balance of his underlying sentence.

Affirmed.