NOT DESIGNATED FOR PUBLICATION

No. 124,272

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICARDO M. ADKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed July 29, 2022. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and COBLE, JJ.

PER CURIAM: Ricardo M. Adkins appeals the district court's summary denial of his motion to correct illegal sentence under K.S.A. 22-3504. Adkins' only claim in district court and on appeal is that the district court violated his speedy trial rights and did not have jurisdiction to convict him of rape. But Kansas courts have consistently held that a defendant cannot use a motion to correct illegal sentence under K.S.A. 22-3504 to attack a conviction. Thus, we affirm the district court's summary denial of Adkins' motion.

1

In 2009, a jury convicted Adkins of one count of rape. The district court sentenced him to 586 months' imprisonment. This court affirmed his conviction and sentence on direct appeal. *State v. Adkins*, No. 102,560, 2011 WL 1196906, at *7 (Kan. App. 2011) (unpublished opinion). Adkins did not raise a speedy trial issue in his direct appeal.

In 2011, Adkins sought relief from his conviction under K.S.A. 60-1507 claiming ineffective assistance of counsel. Following an evidentiary hearing, the district court denied Adkins' motion and this court affirmed. *Adkins v. State*, No. 114,963, 2017 WL 3668916, at *7 (Kan. App. 2017) (unpublished opinion); *Adkins v. State*, No. 109,586, 2015 WL 1513948, at *11 (Kan. App. 2015) (unpublished opinion).

On November 17, 2020, Adkins filed a pro se motion to correct illegal sentence under K.S.A. 22-3504. In his motion, Adkins argued that the judgment against him was void because the district court violated his speedy trial rights. Adkins asked the district court to "discharge [him] from further liability in this case or, alternatively, dismiss the charges." The district court summarily denied relief, finding that Adkins' motion "essentially is attacking the validity of his conviction." The district court also found that even if it liberally construed Adkins' pleading as a K.S.A. 60-1507 motion, it would fail because it was successive. Adkins timely appealed the district court's judgment.

## ANALYSIS

On appeal, Adkins claims the district court erred by summarily denying his motion to correct illegal sentence. Adkins argues that his sentence is illegal under K.S.A. 22-3504 because the district court violated his speedy trial rights and did not have jurisdiction to convict him of rape. Adkins asks that "(1) [t]his court grant his motion, declare the trial court to have lacked jurisdiction, reverse [his] conviction, and order his

immediate release from incarceration, or (2) [r]emand the matter to the trial court for a full evidentiary hearing." The State argues that the district court properly ruled that Adkins' speedy trial claim cannot be raised in a motion to correct illegal sentence.

An appellate court has jurisdiction to correct an illegal sentence at any time. K.S.A. 2021 Supp. 22-3504(a); *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). When a district court summarily denies a motion to correct an illegal sentence, the appellate court applies a de novo standard of review because the appellate court has the same access to the motion, records, and files as the district court. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

A district court can deny a defendant's motion to correct an illegal sentence without a hearing if the defendant does not raise a claim that his or her sentence is illegal as defined under K.S.A. 2021 Supp. 22-3504(c)(1). See *State v. Hayes*, 307 Kan. 537, 538-39, 411 P.3d 1225 (2018). An illegal sentence is defined as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2021 Supp. 22-3504(c)(1).

Adkins argues on appeal, as he did before the district court, that his conviction should be reversed because he was denied a speedy trial. But this claim does not fall within the definition of an illegal sentence. The Kansas Supreme Court has repeatedly held that a defendant cannot use a motion to correct an illegal sentence to attack a conviction and that the only relief available through such a motion is correction of a sentence, not reversal of a conviction. See, e.g., *State v. Cotton*, 306 Kan. 156, 159, 392 P.3d 116 (2017); *State v. Ford*, 302 Kan. 455, 464, 467, 353 P.3d 1143 (2015).

3

*State v. Taylor*, 299 Kan. 5, Syl. ¶ 1, 319 P.3d 1256 (2014) is even clearer: "A speedy trial claim is not properly raised in a motion to correct an illegal sentence under K.S.A. 22-3504." Even assuming the district court violated Adkins' speedy trial rights, such a claim would not divest the district court of jurisdiction to convict him of rape and to sentence him for that crime. See *Mitchell*, 315 Kan. at 159; *Taylor*, 299 Kan. at 8. Thus, Adkins' claim that the district court violated his speedy trial rights does not render his sentence illegal under K.S.A. 22-3504. As a result, the district court correctly denied the claim without a hearing.

Alternatively, the district court found that even if it liberally construed Adkins' pleading as a K.S.A. 60-1507 motion, it would fail because it was successive. Adkins does not challenge this alternative ruling on appeal. When a district court provides alternative bases to support its ruling and an appellant fails to challenge the validity of both alternative bases on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013). Thus, we could affirm the district court's judgment for this reason alone.

But addressing the merits of the issue, we also find the district court's alternative ruling on the successive nature of the motion was correct. Even if Adkins' motion were construed as one brought under K.S.A. 60-1507, the district court could summarily deny relief because it is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner absent a showing of exceptional circumstances. K.S.A. 2021 Supp. 60-1507(c); *Mitchell*, 315 Kan. at 160. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a prior K.S.A. 60-1507 motion. 315 Kan. at 160.

Adkins filed a K.S.A. 60-1507 motion in 2011 claiming ineffective assistance of counsel and seeking the same relief he is seeking in his current motion to correct illegal sentence. That motion was ultimately denied after an evidentiary hearing and this court

affirmed the district court's judgment. *Adkins*, 2017 WL 3668916, at *7. Adkins' current motion would have been successive had it been construed as another K.S.A. 60-1507 motion, and he failed to assert the existence of any exceptional circumstances to overcome the procedural hurdles set forth in K.S.A. 2021 Supp. 60-1507(c).

In sum, the district court did not err in summarily denying Adkins' motion to correct illegal sentence. First, Adkins' claim that the district court violated his speedy trial rights does not render his sentence illegal under K.S.A. 2021 Supp. 22-3504(c)(1). Second, even if the district court had construed Adkins' pleading as a K.S.A. 60-1507 motion, it would have been properly denied as a successive motion.

Affirmed.